ELIZABETH S. SALTER, Administratrix, etc., Appellant and Respondent, *v.* THE UTICA & BLACK RIVER RAILROAD COMPANY, Appellant and Respondent.

Under the provision of the act of 1870, giving compensation for causing death by negligence, etc. (Chap. 78, Laws of 1870), which directs that interest on the damages recovered in an action under the statute, from the time of the death, shall be added to the verdict, the rate of interest is governed by the statute regulating it, in force when the verdict is rendered.

This principle is not affected by the provision of the act of 1879 (§ 1, chap. 538, Laws of 1879), fixing the rate of interest at six per cent, which declares that nothing therein contained shall affect contracts or obligations made before the passage of the act, as it does not apply to a liability for a tort created by statute.

*Erwin* v. *The N. S. Co.* (23 Hun, 578), overruled.

The amount paid by the successful party for printing case on appeal he is entitled to have taxed as an item of disbursement, in the absence of evidence that the sum charged was fraudulently or collusively exaggerated, or more than the usual charge at his place of residence for such services.

(Submitted October 4, 1881 ; decided October 11, 1881.)

THESE were cross appeals from an order of the General Term of the Supreme Court in the fourth judicial department, made January 22, 1881, which affirmed in part and reversed

in part a Special Term order on motion to readjust costs, etc., herein.

This action was brought in February 3, 1873, to recover damages for the alleged negligent killing of plaintiff's intestate. It has been five times tried and twice to this court (75 N. Y. 273; 59 id. 14), the plaintiff having recovered a verdict on the last trial. The costs were taxed by the clerk in October, 1880. The clerk overruled defendant's objections and allowed interest at the rate of seven per cent upon the amount of the verdict from the time of the death of said intestate, and also overruled objections to an item of disbursement for printing case on appeal to General Term. The Special Term reduced the interest to six per cent and made a deduction from the allowance for printing. The General Term on appeal affirmed the Special Term order as to interest and reversed it as to the printing. Both parties appealed to this court.

*A. E. Kilby* for plaintiff. Plaintiff was entitled to interest on the recovery at the rate of seven per cent. (1 Laws 1870, chap. 78, p. 215; Just. Inst. 1–14; 2 Bouv. 254; *In re N. Y. & Bklyn. Bridge,* 72 N. Y. 527.) The law of 1879 (Chap. 538) being a change of the then existing statute, a retroactive construction should not be given unless such intention of the legislature is plain and explicit. (*Astor* v. *New York,* 62 N. Y. 567; *Randall* v. *Sacket,* 56 How. 225; *Erwin* v. *Neversink Steambt. Co.,* 23 Hun, 578.) The county clerk did not err in taxing plaintiff's disbursements for "printing case, $337," at the full amount claimed. (*Porter & Markham* v. *Carpenter,* 56 How. 89; *Consalus* v. *Brotherson,* 54 id. 62.)

*E. A. Graham* for defendant. The statute allowing seven per cent interest expired by its repeal on the 1st of January, 1880, and except as to matters past and closed was as if it had never existed. (Dwarris on Statutes [Lond. ed.], 1848, 535; Potter on Statutes, 160; *White* v. *Miller,* 78 N. Y. 400.) The rate of interest is fixed by the final decision authorizing judgment. (*Hunt* v. *Middlebrook,* 14 How. 300; *Moore* v. *Wes-*

*tervelt,* id. 279 ; *Fisher* v. *Hunter,* 15 id. 156.) There was no obligation created by the act of 1870 (Chap. 78) within the saving clause of the act (Chap. 538, Laws of 1879) changing the rate of interest. (*Butler* v. *Palmer,* 1 Hill, 324, 328, 329, 330, 335 ; *Erwin* v. *Neversink Steambt. Co.,* 23 Hun, 578.) The legislature creates no such obligation which it cannot repeal or modify, unless it amounts to a contract. (2 Bouvier's Law Dictionary [14th ed.], 1872, Phila., 251, 252.)

ANDREWS, J. The act of 1870 (Chap. 78,) declares that the amount of damages recovered in actions for compensation for causing death by wrongful act, neglect or default, " shall draw interest from the time of the death of such deceased person, which interest shall be added to the verdict and inserted in the entry of judgment in such action." We think that under this statute, the rate of interest, is governed by the statute regulating interest, in force when the damages are ascertained by verdict. The right to interest then accrues, and relates back to the time of the death. But the rate of interest on the damages, liability for which is then first established, and the amount of which is until that time uncertain and unliquidated, is the rate which the statute then prescribes. The proviso in the first section of the act of 1879 (Chap. 538), that " nothing herein contained shall be construed as to in any way affect any contract or obligation made before the passage of the act," was intended to preserve rights under contracts, or contract obligations, existing when the act was passed, and does not, we think, affect the question in this case. The previous part of the section prescribes, that the rate of interest upon the loan or forbearance of money, goods, or things in action shall be six per cent, etc. The proviso excepts an obligation *made* before the passage of the act. This language is inappropriate to designate a liability for a tort, created by law, and not by the agreement of parties, express or implied.

The question has been decided adversely to this view in the first department (*Erwin* v. *The Neversink Steamboat Co.,* 23 Hun, 578), but we think the view taken by the fourth depart-

ment in this case, is best supported by reason, and by the rule in cases somewhat analogous. (*Sup'rs of Onondaga* v. *Briggs*, 3 Den. 173.)

We also concur with the General Term, in respect to the right of the plaintiff to tax the disbursements for printing, at the amount paid, there being no evidence that the sum charged was fraudulently or collusively exaggerated, or more than the usual charge at the place of the plaintiff's residence, for such services.

Both parties having failed in their respective appeals, the order should be affirmed, without costs.

All concur.

Order affirmed.