JOHN S. PROUTY, Respondent v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

*Judgment — the rate of interest is determined by the law existing at the time of its entry — 1879, chap. 538.*

January 26, 1878, the plaintiff recovered a judgment against the defendant corporation, which, among other things, ordered and adjudged that it should, immediately after the service upon it of a copy thereof, pay to the plaintiff, out of its net earnings, the sum of $53,184.88, together with interest thereon from the entry of said judgment, and also that in case of any failure or omission of the said defendant to pay the said sum and such interest within thirty days after such service of the said judgment, that the plaintiff have execution therefor against the said defendant. The judgment was affirmed by the General Term and the Court of Appeals.

*Held,* that interest should be computed upon the judgment at the rate of seven per cent per annum, and that the passage of chapter 538 of 1869 did not reduce such rate to six per cent from and after January 1, 1880.

APPEAL from an order of the Special Term denying a motion for an order directing that the sheriff of the city and county of New York return an execution issued upon the judgment recovered herein wholly satisfied, or that the judgment be discharged and marked satisfied of record.

The judgment provided, among other things, as follows, viz.:

"And it is hereby further ordered, adjudged, determined and decreed that the said corporation defendant, The Lake Shore and Michigan Southern Railway Company do immediately, after the service upon the said company, or upon the treasurer thereof, or upon any member of its board of directors, of a copy of this judgment, forthwith declare and make payable, and thereupon pay out of any net earnings of the said company to the said plaintiff, the said sum of $53,184.88, hereinbefore mentioned, together with interest thereon from the entry of said judgment; and also that, in case of any failure, neglect or omission of said defendant corporation, The Lake Shore and Michigan Southern Railway Company, within thirty days after such service of said judgment, to declare and make payable, and to pay to said plaintiff the said sum of $53,184.88,

and such interest, that the said plaintiff have execution therefor against the said defendant."

*E. S. Rapallo*, for the appellant.

*Lucien Birdseye*, for the respondent.

Davis, P. J. :

The respondent brought suit to compel the payment of certain dividends previously declared, and to which he claimed to be entitled. On the 26th day of January, 1873, he recovered judgment against the appellant, which, amongst other things, adjudged that the appellant do immediately, after service of a copy of this judgment, forthwith declare and make payable, and thereupon pay, out of any net earnings of the said company to the said plaintiff, the said sum of $53,184.88, hereinbefore mentioned, together with interest thereon from the entry of said judgment; and further directing that in case of failure, for thirty days after such service, execution shall issue for said sum and interest. On appeal from the judgment to the General Term of this court, and afterwards to the Court of Appeals, the judgment was affirmed, and failure to comply with its directions having occurred, an execution was duly issued for the amount of the judgment, with interest.

The appellant thereupon paid to the sheriff the amount of said judgment, with interest, at the rate of seven per cent, up to the 1st of January, 1880, and interest at the rate of six per cent from January 1, 1880, to May 21, 1881, the time of such payment, and demanded that the execution be returned satisfied.

The sheriff, by instruction of the respondent, received the amount so paid upon account, and demanded the amount which would be the balance due upon computing the interest at the rate of seven per cent for the whole time.

The only question presented is whether interest on a judgment shall be computed as done by the appellant or as claimed by the respondent, and that depends altogether upon the question whether the act of June, 1879 (chap. 538), which took effect January 1, 1880, operates to affect the rate of interest on a judgment after the time it took effect. The act provides as follows :

1. The rate of interest upon the loan or forbearance of any money, goods or things in action shall be six dollars upon one hundred dollars for one year, and after that rate for a greater or less sum, or for a longer or shorter time; but nothing herein contained shall be so construed as to in any way affect any contract or obligation made before the passage of this act.

2. All acts or parts of acts inconsistent with the provisions of this act are hereby repealed.

By statute a judgment bears interest from the time it is perfected. (Laws of 1844, chap. 324, p. 508.)  The effect of the statute is to create an obligation of the highest character to pay such interest, and we have no question that the rate of interest in such a case is controlled by the statute, fixing the same which exists at the time of the entry of the judgment.   But in this case, as will be seen by the above quotation from the judgment itself, it was expressly adjudged that the appellant should pay the sum specified in the judgment with interest thereon from the entry thereof.   And the judgment having been affirmed both by this court and the court of last resort, the obligation to pay the interest does not depend upon statute nor upon the idea that it is a penalty by way of default.   It is a part of the amount recovered, and is as much expressly adjudged to be paid as is the sum specified as damages.   It is conceded that the rate of interest required to be paid up to the time the act reducing interest took effect was seven per cent, and the claim is that from that time by virtue of that statute the rate was reduced to six per cent.   But the statute of June, 1879, expressly provides that nothing therein contained shall be so construed as to in any way affect any contract or obligation made before the passage of the act.   It cannot be held, therefore, to affect any obligation existing previous to the 1st of January, 1880, and the obligation in this case not only existed by virtue of the statute but was imposed by the form of the judgment, and in either point of view it was in our opinion in no degree affected by the new statute.   Besides a judgment is the highest form of contract, and as such it was a contract made before the act reducing the rate of interest took effect.   In *Erwin* v. *The Neversink Company* (23 Hun, 578) this court held that the act of June, 1879, did not affect the interest to be computed upon a verdict recovered for an injury causing death which happened prior to

the passage of the act. A statute required the court to add interest on such verdict from the time when the injury causing the death happened. The Court of Appeals have, however, in *Salter* v. *Utica and Black River Railroad Company* (86 N. Y., 401), recently held that the statute reducing the rate of interest was applicable to such cases, and reduced the rate of interest to six per cent. That decision is based upon some extraordinary force given to the use of the words " contract or obligation made," in the act.

That decision, however, has no bearing, in our judgment, upon the question in this case, because it is not necessary to hold in this case that an " obligation to pay interest," created by statute, is not within the phrase " obligation made before the passage of this act," as used in the act of 1879 ; for in this case the obligation was not only made by statute, but it was also made and imposed by the express language of the judgment itself ; and " a judgment is a contract of the highest nature known to the law " (*Taylor* v. *Root*, 4 Keyes, 335, 344), and as such is beyond legislative control or interference. (*Burch* v. *Newbury*, 10 N. Y., 375–392.) We cannot assume, therefore, that in this case the words " obligation made " will be construed by the court of last resort to signify anything different from what they plainly express.

The decision of the court below was, in our opinion, clearly right, and should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.