THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMIGRANT INDUS-
TRIAL SAVINGS BANK, Relator, *v.* WILLIAM STANLEY MILLER
and Others, as Commissioners of Taxes and Assessments of the
City of New York, etc., Defendants.*

Supreme Court, Special Term, New York County, August 23, 1939.

*Eugene Fay* [*Herbert Whyman* of counsel], for the relator.

*William C. Chanler, Corporation Counsel* [*Simon Silver* of counsel],
for the defendants.

McLAUGHLIN, J. On the settlement of the final order the
question is raised as to whether the refund of taxes should carry
interest at the rate of four per cent or six per cent. It is conceded
that prior to July 1, 1939, the city would have to pay interest on
such refund at the rate of six per cent. On that date, however,
the provisions of section 3-a of the General Municipal Law (added
by Laws of 1939, chap. 594) .went into effect. The decision of
the court herein was rendered on June 27, 1939, but the final order
has not, as yet, been entered. It has been held by the Court of
Appeals that the rate of interest to be applied should be the rate in
existence at the time of the rendition of the judgment which is the
entry of the final order in this proceeding. (*Salter* v. *Utica & Black
River R. R. Co.,* 86 N. Y. 401.) That case dealt with the entry of a
judgment in an action for causng death by negligence. It was
there held that while the rate of interest related back to the time of
death, nevertheless, the rate of interest to be applied on the damages
should be the one prescribed by the statute at the time of the rendi-
tion of the judgment.

Aside from this case the plain language of the section itself
requires that the rate of interest be fixed at four per cent. This
language includes judgments and accrued claims. If we were to

* See, also, *Matter of Gillespie* (*Delaware Section No. 8*) (173 Misc. 336).

eliminate, for the purpose of argument, the question of judgments and consider only the words "accrued claims," it is clear that the statute covers any claim which had accrued before the judgment was rendered. An accrued claim has only three requisites, (1) that the claim be one which may be sued upon; (2) that the person asserting the claim be one who may sue upon it; (3) that there be a forum in which the claim may be enforced. The Tax Law and the charter provisions granted a right of action to review the assessments immediately after they were made. The party aggrieved had the right to institute the proceeding before the Supreme Court which was the proper forum in which the proceeding could be maintained. (See *Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Jacobus* v. *Colgate*, 217 id. 235.) All the requisites of an accrued claim are here present and, therefore, interest must be allowed on the tax refunds at the rate of four per cent. Decisions and final orders signed.