In the Matter of the Application and Petition of GEORGE J. GIL-
LESPIE and Others, Constituting the Board of Water Supply
of the City of New York, to Acquire Real Estate for and on Behalf
of the City of New York, under Title K of the Administrative
Code of the City of New York (Laws of 1937, Chap. 929), in
the Counties of Sullivan and Ulster, for the Purpose of Providing
an Additional Supply of Pure and Wholesome Water for the Use
of the City of New York.*

(Delaware Section No. 8.)

Supreme Court, Special Term, Ulster County, October 17, 1939.

*William C. Chanler, Corporation Counsel [Henry R. Bright* and
*John E. Egan* of counsel], for the petitioners.

*Charles W. Walton,* for the claimants Ward Dierfelter and William
Carlile.

*Joseph H. Forman,* for the claimant Fuller.

*George F. Kaufman* and *Thomas J. Plunket,* for the claimants
Brooks, Hornbeck, Kimble and William and Maude Dierfelter.

* See, also, *Matter of City of New York (Public Parks, Queens)* (172 Misc. 877);
*People ex rel. Atlantic Gulf and Pacific Co.* v. *Miller* (173 id. 397).

BERGAN, J. The statute authorizing condemnation by the city of New York provides that upon the filing of the oath of the commissioners of appraisal the city shall become seized in the fee of the parcels sought to be condemned as described in the taking maps. (N. Y. City Administrative Code, § K41–11.0.) Interest upon awards subsequently made runs from the time that the city becomes thus vested with title. It is provided (§ K41–17.0) that lawful interest shall be paid from the date of the filing of the oath " as by this article required." Thus the act of divesting the owner of title in the land condemned and his right to interest upon an award for the taking become integrated and related events. I think the right to interest at the lawful rate prevailing at the time of the taking is a vested contractual obligation which may not be impaired by the Legislature as long as it continues to accrue, i. e., until the lawful rate is changed. Concededly the lawful rate was six per cent until July 1, 1939. (Gen. Business Law, § 370.) The Legislature could not, by section 3-a of the General Municipal Law (added by Laws of 1939, chap. 594, effective July 1, 1939), impair existing contractual obligations, and there is nothing in that statute to indicate that it intended retroactive effect upon pre-existing obligations in respect of interest. Both the right to fair compensation and the right to interest under a statute which divested the owner of title and provided for interest during the period that payment was suspended by the process of ascertainment of value, were vested and contractual obligations.

The distinction between a wholly unliquidated cause of action under which no rights or obligations whatever arose between the parties until an adjudication determined that there were rights, and the divesting of title by compulsory process is apparent. The rule applicable to interest upon judgments in death cases discussed in *Salter* v. *Utica & Black River R. R. Co.* (86 N. Y. 401), accordingly, is without application here. I think rather, the rule applicable to interest upon contractual obligations or where interest is allowed as damage is the rule here to be applied. (*Ferris* v. *Hard*, 135 N. Y. 354, 365; *Wells Fargo & Co.* v. *Davis*, 105 id. 670; *Sanders* v. *Lake Shore & Mich. Southern R. Co.*, 94 id. 641; *Reese* v. *Rutherfurd*, 90 id. 644.)

Interest at six per cent is allowed on the awards to July 1, 1939, and at four per cent thereafter.

Submit orders.