THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant and Respondent, against JAMES J. SEXTON et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents and Appellants.

Argued June 7, 1940; decided October 8, 1940.

58

*William H. King* and *Eugene Fay* for relator, appellant and respondent.

*William C. Chanler,* Corporation Counsel (*Paxton Blair, Stanley Buchsbaum* and *Arthur H. Goldberg* of counsel), for defendants, respondents and appellants.

*John J. Bennett, Jr., Attorney-General (Henry Epstein* of counsel), *amicus curiæ.*

SEARS, J. The petitioner, as the owner of real property in the city of New York, paid its city tax on the property for the year 1932 upon an aggregate valuation of $800,000. Payment was made on the 29th day of April, 1932. The petitioner, feeling aggrieved by the amount of the assessment and of the taxes based thereon, instituted a certiorari proceeding to obtain a reduction. The proceeding has resulted favorably to the petitioner and the assessment has been reduced to $725,000. The final order reducing the amount of the assessment was granted on the 24th day of August, 1939. Under the provisions of section 296 of the Tax Law (Cons. Laws, ch. 60), there was included in the final order a direction to the city to pay the petitioner the amount paid by it for the 1932 taxes in excess of what the taxes would have been if the assessment had been made as

fixed by the order, with interest thereon at four per cent per annum from the date of payment. The provision as to the rate of interest was based upon a statute amending the General Municipal Law (Cons. Laws, ch. 24) by adding a new section numbered 3-a (Laws of 1939, ch. 594) which became effective on the 1st day of July, 1939, and of which the pertinent part is as follows: " Rate of interest on judgments and accrued claims against municipal corporations. The rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed four per centum per annum."

On an appeal by the petitioner to the Appellate Division, the rate of interest was increased to six per cent from the date of payment to the 1st day of July, 1939, and fixed at four per cent for the time thereafter. Both the petitioner and the defendants have appealed to this court from the order of the Appellate Division.

The petitioner attacks the validity of the statute of 1939 solely on the ground that it constitutes a delegation of legislative power in conflict with the constitutional provision. (N. Y. State Const. art. III, § 1.) We reject this contention. We find in the statute no delegation of power whatever. A limit merely is imposed. There can be no doubt that the fixing of the rate of interest, or a limitation of the rate, is legislative in character. This circumstance is, however, without significance. The statute mandates no particular rate. Courts have long exercised authority to determine in accordance with legal rules and principles whether or not interest should be directed to be paid and the rate thereof. (*Watkinson* v. *Laughton*, 8 Johns. 213; *King* v. *Talbot*, 40 N. Y. 76; *Ellis* v. *Kelsey*, 241 N. Y. 374.) This power is by this statute restricted in one particular only, a maximum is imposed. This is clearly permissible.

If the statute is valid, petitioner argues, it only relates to the interest allocated to the period after the date it became effective, July 1, 1939. This claim is based upon the language of section 296 of the Tax Law, and the language of the 1939 addition to the General Municipal Law, quoted

above. Petitioner contends that the former section must be interpreted as requiring the payment of interest upon tax refunds at the rate provided by law during the periods that the interest has or is deemed to have run; and that the latter section must be construed as affecting the rate of interest to be paid upon accrued claims and judgments from its effective date, since it does not contain a clear expression of legislative intent justifying a retroactive application. The defendants, on the other hand, contend that the statute of 1939 is retroactive and that interest on an accrued claim against a municipality embodied in a judgment or order granted after the effective date of the statute is to be computed at the four per cent rate; that the statute was intended to relieve municipalities of heavy interest charges, and that full relief can only be secured by such an interpretation. However desirable an interpretation in favor of municipalities upon this argument might be, it would run counter to the accepted rule as to the prospective character of statutes. (*Jacobus* v. *Colgate*, 217 N. Y. 235.) We are here dealing with a case where there has been no express contract for the payment of interest. Petitioner's right to a refund with interest is statutory only. Interest is given as damages for delay in payment of the principal obligation. (*Matter of O'Berry*, 179 N. Y. 285.) Thus, the rate of interest should be that current in the periods during which the delay in payment has occurred. (*O'Brien* v. *Young*, 95 N. Y. 428; *Reese* v. *Rutherfurd*, 90 N. Y. 644.) Nor does the use of the word " accrued " in describing the type of claims affected denote an intention that the statute is to be applied retroactively. The juxtaposition of the words " accrued claim " to the word " judgment " negatives such an interpretation. There is no possible indication in the use of the word " judgment " that the effect of the statute was intended to be retroactive. The defendants do not argue that the statute limits the payment of interest on judgments rendered before it became effective (until the effective date of the statute) at not more than four per cent. Such a contention would be in conflict

with the decision of this court in the *O'Brien* case. Nor can it be successfully urged that *Salter* v. *Utica & Black River R. R. Co.* (86 N. Y. 401) is controlling in the construction of this particular statute. In the *Salter* case the court had before it the question of the rate of interest to be allowed on damages for wrongful death when the legal rate had been changed from seven per cent to six per cent between the time of the death and the entry of judgment. The court held that the six per cent rate applied for the whole period. While this holding indicates that under some circumstances interest statutes may be applied retroactively, we find no warrant for such a result in this case. Further, the parties in this case on both sides agree, as is doubtless the sound position, that petitioner's claim accrued within the meaning of the statute when the tax was originally paid. (*Parsons* v. *City of Rochester*, 43 Hun, 258; *Reid* v. *Board of Supervisors*, 128 N. Y. 364.) As used here, the word " accrued," though grammatically in the past tense, must be construed as a description, and not as referable to a date previous to the effective date of the statute.

Construing the statute of 1939 as prospective only, petitioner is entitled to receive interest on the refund at the rate of six per cent from the date of payment of the tax to July 1, 1939, and at the rate of four per cent thereafter.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Order affirmed.