In the Matter of the CITY OF NEW YORK, Appellant and Respondent, Relative to Acquiring Title to Real Property Required for the Bronx River Parkway, Southerly Extension, and Two Public Parks in the Borough of The Bronx.

A. F. & G. REALTY CORPORATION et al., Respondents and Appellants.

Argued June 7, 1940; decided October 8, 1940.

*William C. Chanler, Corporation Counsel (Paxton Blair, Stanley Buchsbaum* and *William A. Marks* of counsel), for City of New York, appellant and respondent.

*Bernard L. Bermant* and *Jacob W. Bermant* for claimants, respondents and· appellants.

SEARS, J. On March 31, 1938, the city of New York instituted this proceeding pursuant to a resolution of its Board of Estimate to acquire title to certain properties owned by the claimants for park purposes. Under an order of condemnation in the proceeding, title vested in the city on April 25, 1938. The award of compensation was made the 29th day of December, 1939. The final order of the Special Term declared the interest on the amount

of the award should be at the rate of four per centum per annum from the date of the vesting of title. The provision as to the rate of interest was dependent upon the statute of the State of New York which became effective on the 1st day of July, 1939 (Laws of 1939, ch. 594, adding to the General Municipal Law [Cons. Laws, ch. 24], section 3-a). The pertinent part of the statute is as follows: " Rate of interest on judgments and accrued claims against municipal corporations. The rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed four per centum per annum." On appeal by the claimants to the Appellate Division, the order was modified to provide that interest on the award should be at the rate of six per centum per annum from the day that title was taken by the city to the 1st day of July, 1939, and at the rate of four per centum thereafter.

Both the city and the property owners have appealed to this court. The latter contend that interest should have been allowed at the rate of six per centum from the date on which title vested in the city to the date of payment of the award. The former claims, on the other hand, that the interest rate should be four per centum for the entire period as declared by the final order of the Special Term. Some questions here raised are the same as those before us in the case of *People ex rel. Emigrant Industrial Sav. Bank* v. *Sexton,* 284 N. Y. 57), decided herewith. We consider here only such questions as are not involved on the other appeal. In the *Emigrant Industrial Bank* case we held that the act of 1939 did not delegate legislative power, and that the statute was to be given prospective effect only. Here the additional questions to be considered are: (1) Is the law of 1939 unconstitutional (a) as denying to the defendants the equal protection of the laws (U. S. Const. 14th Amendt.); (b) as impairing the obligation of a contract (U. S. Const. art. 1, § 10); (2) is the statute applicable to an award in condemnation proceedings instituted by a municipal corporation?

The claimants contend that the 1939 statute denies them the equal protection of the laws inasmuch as the general interest rate in the State of New York is six per centum (Gen. Business Law, § 370 [Cons. Laws, ch. 20]), while the statute provides a lower interest rate for obligations of municipal corporations. (Another statute contains a similar provision as to State obligations. Laws of 1939, ch. 586.) We are called upon to say whether the Legislature indulged in an unreasonable and palpably arbitrary classification when it provided for this differentiation. (*People ex rel. Bryant v. Zimmerman*, 241 N. Y. 405; *Radice v. New York*, 264 U. S. 292; *People v. Klinck Packing Co.*, 214 N. Y. 121.) The sovereign and public character of the favored debtors and the lower rates of interest usually applicable on their borrowings may well form a basis for differentiation. The classification cannot be deemed unreasonable.

There is here no contract protected against impairment. (*Crane v. Hahlo*, 258 U. S. 142.) Where the right of eminent domain is exercised and compensation awarded for the taking, it is sometimes said that there is an implied contract to pay the property owner the value of the property taken. The obligation, however, is not based upon voluntary acts of the parties. The obligation to pay rests on statutory provisions and on the constitutional guaranty of property interests. To call the obligation an implied contract does not change its basic character. To be sure, compensation, when not paid coincidently with the taking of the property, must include some sum in addition to the bare value of the property at the date of taking for the delay in making payment, so that the compensation may be just. Without the addition of some sum, the requirement of just compensation constitutionally guaranteed, would not be met. (*Jacobs v. United States*, 290 U. S. 13; *Phelps v. United States*, 274 U. S. 341.) In the absence of evidence as to what such additional sum should be, interest, as provided by law, meets the constitutional requirement. (*Seaboard Air Line Ry. Co. v. United States*, 261

U. S. 299.) Claimants' contention that interest at the rate of four per centum per annum is so unreasonably low as to deprive them of just compensation is not supported by any evidence, and is contrary to common experience. Of course the Legislature could have secured the property owners whose property was condemned interest at a specific rate on the principal sum awarded. Claimants claim that section B15–28.0 of the Administrative Code of the City of New York (Laws of 1937, ch. 929) does this. We do not so construe that provision. The section, so far as pertinent, provides as follows: " All damages awarded by the court, with interest  *  *  *  if title to the real property acquired shall have vested in the city prior thereto, from the date of such vesting,  *  *  *  shall be paid by the city to the respective owners mentioned or referred to in the final decree  *  *  *, as hereinafter provided. *  *  * c. In the case of a capital project proceeding, payment shall be made  *  *  *  within two calendar months after the entry of the final decree. In default of such payment, the owners or other persons entitled to be paid in the proceeding may at any time after application first made to the comptroller therefor, sue for and recover the amount due, with lawful interest, and the costs of such suit." No fixed rate of interest is specified. The payment of lawful interest is made obligatory. " Lawful " we construe to mean lawful for the period during which it is earned. In the absence, therefore, of any contractual or statutory right to interest at a specific rate, or any evidence that four per centum per annum is unreasonably low, the statute of 1939 is applicable (unless awards in condemnation proceedings are impliedly excluded from its application) for the period following the effective date of the statute. The result of such construction is to assure equality in awards without reference to their being made before or after the effective date of the interest statute of 1939.

Claimants would have us construe the word " claims " in section 3-a of the General Municipal Law as applicable

only to demands adjudicated in cases where the city is the defendant. Here, it is true, no proceeding or action has been instituted by a claimant. The city, the obligor, is the moving party in the litigation. Nevertheless, the taking of the property, which is the end and aim of the proceeding, gives rise to an obligation on the part of the city of which the property owners are the beneficiaries. It would be a narrow construction, indeed, to hold that a claim within the meaning of the 1939 statute occurs only when litigation to enforce the claim is solely within the hands of the owner of the claim; but, even if a narrow construction is given to the word " claim," to enforce payment of the compensation under the language of the Administrative Code just quoted in this instance, there must be affirmative action on the part of the property owner. An action has to be brought by the claimant to secure a judgment against the city. All the elements of a claim are here present and the right of the property owners is within the content of the word " claim " as used in the 1939 statute.

The conclusion follows that the order should be affirmed, without costs. (See 284 N. Y. 701.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Order affirmed.