## UNITED STATES v. 3.25 ACRES OF LAND, ETC., IN SENECA COUNTY, NEW YORK, et al.

### Civ. No. 869.

District Court, W. D. New York.

May 3, 1943.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (George C. Riley, of Buffalo, N. Y., of counsel), for petitioner.

Cook & Cook, of Geneva, N. Y., for defendants.

BURKE, District Judge.

The Commissioners have filed their report herein and the Government has moved to confirm. The defendant, The First Baptist Church of Romulus, urges that interest on the amount of the award found by the Commissioners to be the fair value of the property taken, should be allowed from the date the Government accepted the option. It is urged that the Government took possession of the property of the church, has had the use of it from the date of taking and also has had the use of the money, that the church has been obliged to secure another place of worship at its own expense, and that the claim for interest is just and equitable.

The rights of the parties herein were the subject of a written contract and do not rest on equitable considerations. The option which ripened into a contract upon its acceptance by the Government fixed the sum of $17,000 as the purchase price, payable as soon after the Government had accepted the offer and had had a reasonable time within which to secure and examine the evidence of title, provided the vendor could execute and deliver to the Government a general warranty deed in fee simple, free of all encumbrances. The possibility that purchase by deed would be unsatisfactory was foreseen and provided for by inserting clause 6 in the option which reads as follows: "(6) The Vendor agrees that in the event the United

States determines, notwithstanding the prior exercise of this offer, the title to said land or any portion thereof or any interest therein, to be unsatisfactory for purchase by deed, the United States, at its election, may acquire the same by condemnation with or without a declaration of taking; and in that event, the Vendor agrees to cooperate with the United States in the prosecution of such proceedings, and the Vendor agrees that this option shall, without more, constitute a stipulation which may be filed in such proceedings and shall be final and conclusive evidence of the true value of the whole of said property and of the proper award to be made in such proceedings."

By agreement of the parties, therefore, it was left to the determination of the United States, through its officers in charge of the matter, to determine, notwithstanding the prior acceptance of the option, whether the title was unsatisfactory for purchase by deed. By express agreement the Government had the right, at its election, to acquire title by condemnation and the church agreed in that event to cooperate to that end and the option price was to constitute conclusive evidence of the true value of the whole property. When reasonably and fairly exercised, as it appears to have been in the light of the matters set forth in the motion papers, the determination to acquire title by condemnation is not open to question and when resorted to, the express agreement of the parties as to compensation must control. That agreement was that the option price "shall be final and conclusive evidence of the true value of the whole of said property and of the proper award to be made in such proceedings". The possibility of the Government electing to acquire title by condemnation was not an unforeseen circumstance and in such event, that there would be some delay in the proceedings, might reasonably have been inferred. The option, however, contained no provision for adding anything to the award to compensate for delay in the payment of compensation. The court may not supply what the parties themselves have failed to include in the agreement.

 The defendant cites In re City of New York, Bronx River Parkway, 284 N.Y. 48, 29 N.E.2d 465, in support of the principle that, where land has been acquired by condemnation, compensation, when not paid coincidently with the taking, must include some amount in addition to the bare value of the property at the taking, to answer the constitutional requirement of just compensation and that interest from the date of taking meets that requirement. That case, as well as the cases referred to in the opinion in support of the principle, were cases involving the ordinary adversary proceedings where property was taken pursuant to the exercise of the power of eminent domain and where there was no agreement as to the value of the lands taken. In such a case, as the court pointed out, the obligation to pay rests upon statutory provisions and upon the constitutional guarantee of property interests. In the case at bar the United States was in possession by voluntary agreement of the owner prior to the time when proceedings to condemn were begun and not by virtue of the exercise of its sovereign power of eminent domain. The difference is substantial. When an owner is deprived of his property by the exercise of the power of eminent domain, where the value has not been ascertained or paid, the Constitution guarantees him the right to just compensation, which includes the right to compensation for the use from the date of the taking. No agreement to pay is necessary. When he parts with his property under an accepted option it is due to his own voluntary act and he gets in return the right to be paid the agreed price. The obligation to pay rests upon express contract. The crux of the defendant's argument is that the church is constitutionally guaranteed the right to just compensation and as one of the elements thereof the right to have included in the award the measure of compensation for the use from the time the Government took possession. It may fairly be assumed that, if the Government, upon the theory that the defendant was entitled to nothing more than just compensation, had attempted to prove on the hearing before the Commissioners that the fair value of the property taken was less than the option price, it would have been met by the objection that the price had been fixed by contract. The right to just compensation for property taken and the right to an award for an amount expressly agreed upon are inconsistent rights. The former rests upon equitable principles and comprehends that the owner shall be put in as good a position pecuniarily as

he would have been if his property had not been taken. Seaboard Airline R. Co. v. United States, 261 U.S. 299, 304, 43 S. Ct. 354, 67 L.Ed. 664. The latter rests upon express agreement regardless of whether the owner's position pecuniarily is worse or better than if he had not parted with his property. Even if the option price exceeded the fair value of the land taken, the Government was nevertheless bound by it and the defendant was likewise bound. The amount agreed upon was $17,000, not $17,000 plus interest from the date of the taking. Nor may the Government be penalized for the delay in payment, even if responsible for it. "Interest, when not stipulated for by contract or authorized by statute, is allowed by the courts as damages for the detention of money or of property, or of compensation, to which the plaintiff is entitled; and, as has been settled on grounds of public convenience, is not to be awarded against a sovereign government unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers. * * *" United States v. North Carolina, 136 U.S. 211, 216, 10 S.Ct. 920, 922, 34 L.Ed. 336.

The report is confirmed without interest on the amount of the award.