Howard T. Hogan, J.
Petitioner in a proceeding brought pursuant to article 78 of the Civil Practice Act seeks to annul the determination of the board of appeals requiring it, when erecting a building on its land, to conform to the new setback lines on Park Avenue in the village of Rockville Centre. Petitioner also seeks an order directing the issuance of a building permit by the superintendent of the department of buildings of said village.
The subject property is situated on the northwest corner of Park Avenue and Front Street. It has a frontage of 85 feet on the former and 41.57 feet on the latter street. The entire plot originally was occupied by a building which was completely demolished by fire on April 15, 1956. Petitioner applied on October 2, 1956 for a permit to erect a new building.
On October 10, 1956, the board of trustees of the village, in anticipation of the eventual widening of Park Avenue by the County of Nassau, amended the official map of the village, creating new street-widening lines on said Park Avenue which would require a building setback of approximately 20 feet on petitioner’s premises.
When its application a was tioner sought a variance which would waive a 10-foot rear yard and a 10-foot setback from Front Street, as required by the Building Zone Ordinance, as well as the new 20-foot setback requirement on Park Avenue so that the entire parcel might be utilized.
*775 The first two requests were granted; the third was denied because of the aforesaid street-widening amendment to the official map of the village.
Authority to grant or deny such latter variance is found in section 179-n of the Village Law which requires that a public hearing be held upon at least 15 days’ published notice. It appears, however, that the notice which was given was dated October 25, 1956, and was published on November 2. The hearing was held on November 7, 1956. Such noncompliance with the express provision of the statute renders the action of the board of appeals null and void. The court, therefore, returns the entire matter to the respondent board with the direction to republish the notice and to conduct a new hearing.
The court will not instruct the board of appeals upon its duties at this time. However, because of the sharp conflict between respective counsel as to the law applicable in these circumstances, it is deemed proper to direct its attention to the fundamental principle that if private property is to be taken for a public use, prompt compensation must be made to its owner. The prevention of any reasonable use of such property for an indeterminate period of time in anticipation of an eventual acquisition is an actual taking in all but name.
This petitioner is threatened with the loss of virtually one half of a valuable commercial property, which, before the fire of April 15, 1956, was completely devoted to business uses. It is proposed that the petitioner be permitted to retain title to the portion which may be needed for street-widening purposes, and that it be required to pay taxes on the entire parcel but, in order to mitigate its eventual damages, the petitioner shall be prevented from making any improvements while it awaits for an indefinite period (which may well extend for a year or more) the acquisition by the municipal authorities.
Unless such acquisition is to take place in the near future, it would seem that petitioner must be afforded some reasonable use of this portion of its property. The admonition of the Supreme Court of the United States that: “We are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change ”. Pennsylvania Coal Co. v. Mahon (260 U. S. 393, 416) seems particularly appropriate to this situation.