■ ALICE TOOMEY, as Administratrix of the Estate of THOMAS P. TOOMEY, Deceased, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In an action to recover damages for wrongful death, the appeal is from a judgment, entered upon a jury's verdict, in favor of respondent for $81,734.55, which included $18,046.71 interest and $1,526.76 costs. The interest from June 18, 1954, the date of death, to April 20, 1959, the date of the entry of judgment, was computed at the rate of 6% per annum. Respondent's intestate died of injuries received when he was shot by one Roche, an employee of appellant. Judgment modified upon the law and the facts (1) so as to provide that said interest be calculated at the rate of 3% per annum, and (2) that the judgment be reduced accordingly. As so modified, judgment affirmed, without costs. On April 20, 1959, when the judgment was entered, the applicable statute provided that the rate of interest to be paid by the New York City Transit Authority upon any judgment or accrued claim against it should not exceed 3% per annum (Public Authorities Law, § 1212, subd. 6, as amd. by L. 1959, ch. 366, eff. April 13, 1959). The claim upon which this action was brought accrued upon

the wrongful death (Decedent Estate Law, § 130). Christ, Pette and Brennan, JJ., concur; Ughetta, J., concurs, with the following memorandum: In view of our holding on a prior appeal that a question of fact was presented for determination by the jury (*Toomey* v. *New York City Tr. Auth.*, 6 A D 2d 906), it may not be said that on this record the verdict was against the weight of the evidence. I still adhere to the view I then held that no such question is presented. Beldock, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In my opinion, the judgment in favor of respondent may not be permitted to stand for at least three reasons: (1) the case was submitted to the jury on two theories, namely, negligence and assault. The evidence is insufficient to make out a case of assault. Since there was a general verdict for respondent and no one can know or say on which ground the jury arrived at its verdict, there must be a new trial (*Fein* v. *Board of Educ. of City of N. Y.*, 305 N. Y. 611 and cases therein cited), (2) the admission of the testimony of Dr. Gettler over timely objection was erroneous and highly prejudicial. It was crucial to the establishment of a prima facie case for respondent to prove that her intestate was drunk at the time of the incident in question. To establish that fact respondent called Dr. Gettler, who testified that, although he had never seen the intestate during his lifetime, the witness could testify with reasonable medical certainty merely from an examination of the corpse that the intestate's rate of oxidation was .03% an hour during the nine hours between the alleged assault and the death. The reason this assumed rate of oxidation was important is that a person with an alcohol content of .25% or less is not intoxicated, but the claimed .27% oxidation during the nine hours, added to the .06% alcohol found in the intestate's brain at the time of death, would mean that he had .33% alcohol at the time of the alleged incident, thus giving the basis for opinion evidence that he was drunk at that time. Dr. Gettler admitted that the rate of oxidation varies not only with each individual, but with different circumstances in each individual. Dr. Gettler had no way of knowing the rate of oxidation of this intestate, and his assumption of oxidation at the rate of .03% an hour was unauthorized. The testimony was prejudicial because there was no other evidence that the intestate had impaired judgment, loss of control, or muscular inco-ordination, to counteract appellant's version of a shooting during an attempted robbery by the intestate. Furthermore, Dr. Gettler is not a doctor of medicine and, therefore, he was not qualified to give an opinion with reasonable *medical* certainty, which was the *only* opinion he was asked to give, and (3) respondent's prima facie case was built on the theory that the intestate was shot while on his knees. As evidence of that fact, respondent tried to show that the bullet took a downward course through his body. The evidence was that the bullet entered his body three and one-half inches *below* the chin and pursued only a *slightly* downward course. This would support appellant's version of a shooting during an attempted robbery by the intestate. However, Exhibit 12 not only shows the path of the bullet to be a *marked* downward course, but if an extended line were drawn upward from the indicated path of the bullet, it would give the impression of a place of entry of the bullet slightly below the lower lip and *above* the chin, to support respondent's theory. The admission of that exhibit over objection was prejudicial error because it gave a distorted view of the autopsy findings.