In the Matter of the CITY OF ROCHESTER, Petitioner, Relative to Acquiring Title to Real Property for Urban Renewal Project in the Baden-Ormond Area in the City of Rochester. MAXLENE REALTY, INC., Respondent.

Supreme Court, Special Term, Monroe County, August 15, 1962.

*Arthur B. Curran, Jr., Corporation Counsel,* for petitioner. *Levy & Levy* for respondent.

WILLIAM G. EASTON, J. In this proceeding the petitioner, the City of Rochester, seeks by writ of assistance pursuant to section 17 of the Condemnation Law, an order of immediate possession decreeing that the title in fee simple be vested in the petitioner to certain lands of the respondent acquired pursuant to a condemnation proceeding. On January 18, 1961 the city commenced the proceeding pursuant to the provisions of section 72-k of the General Municipal Law. An order of condemnation was granted on February 20, 1961 and entered on March 9, 1961 in Monroe County Clerk's office. Subsequently, in January, 1962 a trial was held for the purpose of determining the value of the property, and in April, 1962 a judgment was entered from which the city has appealed to the Appellate Division, Fourth Department.

During the course of the afore-mentioned proceedings section 72-k of the General Municipal Law was amended by chapter 402 of the Laws of 1961 to become a part of article 15 of the General Municipal Law, effective April 11, 1961. Among other things the amendment extends to the court the power to decree that title in fee simple to the property being condemned shall vest in the municipality upon the entry and filing of an order of immediate possession. (General Municipal Law, § 506, subd. 2.) The sole issue to be considered is whether the amendment may be applied herein to grant title to the petitioner. The city argues that an auction of lands in question is pending and that without title the auction cannot be held, thus holding up the urban renewal project and resulting in undue hardship and harm to the general public. The respondent contends that by granting the petitioner's request the land owner will lose the leverage which it has to induce the city to make a prompt settlement.

Section 523 of the General Municipal Law provides in part (subd. 1) as follows: "§ 523. Saving clause. * * *. Nothing herein contained, however, shall prevent a municipality, having so commenced or undertaken an urban renewal program prior to the effective date of this article, from exercising any of the rights or powers granted in this article in conjunction with or substitution of the rights and powers of such municipality under any law in force immediately prior to the effective date of this article, until the completion of such program." This provision will sub-

stantiate the granting of the petitioner's motion providing such provision meets with the requirements of the State Constitution. Section 7 of article I thereof outlines the minimum requirements which must be met in the condemnation of private property for public uses. The first of these is that the taking must be for a public use. This issue has not been raised and the court concludes that the taking itself was proper. Secondly, the owner of the condemned lands must receive just compensation from the municipal body. The granting of the additional rights and powers to the municipality may adversely affect the respondent's bargaining position with the city. This does not, however, deprive respondent of his constitutional right to just compensation. The State has long exercised this power in appropriation actions and questions of constitutionality have not been raised. See, also, *Matter of City of New York (Bronx Riv. Parkway)* (284 N. Y. 48 [1940]) involving the changing of interest rate to be paid on condemnation awards, in which a similar constitutional question was raised. Since the respondent will receive statutory interest on the award, its rights are amply protected. The importance of immediate vesting and the carrying out of the program of urban renewal greatly outweigh the preservation of the respondent's bargaining position. Petitioner's motion is granted.