Letitia E. MYERS, as Administratrix of the Goods, Chattels and Credits which were of Charles E. Myers, Deceased, Plaintiff,

v.

TOWN OF HARRISON, City of White Plains, Motor Vehicle Accident Indemnification Corporation, Orienta Bus Lines, Inc., Arthur Pelchat and William Smith, Defendants.

No. 64 Civ. 302.

United States District Court, S. D. New York.

Jan. 16, 1970.

Julien, Glaser, & Blitz, New York City, for plaintiff.

Bernard Helfenstein, Brooklyn, N. Y., for defendants.

Memorandum Opinion on Changes in the Interest Rate Ceiling

MOTLEY, District Judge.

Letitia Myers, a Connecticut resident, brought suit against the Town of Harrison, a New York municipal corporation, for the wrongful death of Charles Myers, which occurred on September 21, 1963, in Harrison, New York. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332 (1964).

On December 19, 1969, the jury returned a verdict in favor of plaintiff and awarded damages in the amount of $481,250. Plaintiff requested that the court allow interest on the judgment at the rate of 6% per annum from the time of decedent's death to the entry of judgment. The court initially agreed to the 6% rate but before entry of judgment discovered that the 6% rate for the entire period would be improper. Under New York law, which is applicable here (Circle Line Sightseeing Yachts, Inc. v.

Storbeck, 325 F.2d 338 (2d Cir. 1963)), a lower rate must be applied to part of the period. Under the provisions current until July 25, 1969, N.Y.General Municipal Law § 3–a, McKinney's Consol. Laws, c. 24, L.1956, ch. 691, eff. July 1, 1956, amended 1969, a 4% maximum interest rate was prescribed in death actions against municipal corporations. After July 25, 1969, the maximum rate allowed is 6%. N.Y. General Municipal Law, § 3–a (McKinney Supp. 1970).

Pursuant to the provisions of Section 3–a(2) that were current at the time the interest was running and to Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 132 (McKinney Supp. 1970), the court has directed the clerk to enter a judgment granting interest at 4% from September 21, 1963, to July 25, 1969, and at 6% from July 25 to the entry of judgment, January 16, 1970. See *Circle Line Sightseeing Yachts, Inc., supra;* People ex rel. Emigrant Industrial Savings Bank v. Sexton, 284 N.Y. 57, 29 N.E.2d 469 (1940).

Plaintiff argues that the 6% maximum, which was in force at the time of entry of judgment, is retroactive, i. e., interest on the accrued death action claim against a municipal corporation embodied in a judgment granted after the effective date of the statute is to be computed at 6% for the entire period in which the interest was running. Such an argument was made by the municipal corporation in *People ex rel. Emigrant Industrial Savings Bank, supra,* because the change was a lowering of the interest rate. The New York Court of Appeals rejected that argument and held that the interest rate ceiling in General Municipal Law § 3–a was prospective. (See also In re Bronx River Parkway in City of New York, 284 N.Y. 48, 29 N. E.2d 465 (1940) (condemnation claim) (upholding constitutionality). The court in *Emigrant* held that:

> Interest is given as damages for delay in payment of the principal obligation. * * * Thus, the rate of interest should be that current in the periods during which the delay in payment has occurred.

284 N.Y. at 62, 29 N.E.2d at 471. *Accord,* Rose v. State of New York, 29 A. D.2d 1003, 289 N.Y.S. 2d 553 (3rd Dept. 1968), aff'd without discussion of question, 24 N.Y.2d 80, 298 N.Y.S.2d 968, 246 N.E.2d 735 (1969) (interpreting State Finance Law, McKinney's Consol. Laws, c. 56, § 16). The court found nothing in the statute that would except it from the general rule that statutes are prospective. 284 N.Y. at 62–63, 29 N.E.2d 469.

Plaintiff contends that the New York Court of Appeals' interpretation of Section 3–a as being prospective was not intended to apply to death action cases. Plaintiff points to the dictum in *Emigrant* which said that in certain circumstances a rate of interest statute may be retroactive and also to the court's specific mention of Salter v. Utica & Black River R. R. Co., 86 N.Y. 401 (1881) (death action claim). In *Salter,* the court held that the legal interest rate reduction that was in effect at the time of the entry of the death action judgment applied to all the interest accruing, even to that interest that was accruing before the effective date of the change. *Accord,* Toomey v. New York City Transit Authority, 10 A.D.2d 728, 199 N.Y.S. 2d 281 (2d Dept.) (no discussion and no authorities cited), aff'd without discussion, 8 N.Y.2d 970, 204 N.Y.S.2d 348, 169 N.E.2d 10 (1960) (3% interest ceiling against the New York City Transit Authority was retroactive); N.Y. Public Authorities Law, McKinney's Consol. Laws, c. 43–A, § 1212. *Contra,* Rose v. State of New York, *supra* (change in interest ceiling against the State of New York from 4% to 6% was prospective); N.Y. State Finance Law, McKinney's Consol.Laws, c. 56, § 16.

■ Plaintiff's argument is unpersuasive. New York law is far from clear on the question. The dictum in *Salter* does not indicate that some types of "accrued claims" will not be granted the rate current when the interest was running; instead, it suggests that other

statutes, rather than other claims, *can* be retroactive. Moreover, *Toomey* does not hold that "accrued claims" in death actions are retroactive while other claims are prospective. Instead, the court held that all "accrued claims" against the Transit Authority are retroactive. *But see* Rose v. State of New York, *supra*. Whether a judgment is based on damages from a municipal corporation's overassessment of property value for taxing purposes, or underassessment for condemnation proceedings, or breach of contract, or negligent acts causing decedent's wrongful death, they are based on "accrued claims." Since no sound principle has been put forward to distinguish these claims for the purpose of deciding between prospective and retrospective application of rate ceilings, and the court sees none, the court holds that all "accrued claims" are the same for purposes of Section 3–a.

■■ Since the court has concluded that all "accrued claims" are the same, we must follow New York precedent that an "accrued claim" falling within Section 3–a's prescription is prospective. *Emigrant, supra.* In addition, this court follows *Emigrant* because it is the better view. Making changes prospective does not favor the government over claimants because rate changes can be a lowering of the interest rate. *E. g., Emigrant, supra.* If the ceiling in this case was 6% and was lowered to 4%, then plaintiff would argue that the change should be prospective. On the other hand, if these rate changes are made retroactive, the changes can result in inequitable windfalls to the favored party. Finally, if the rate changes were retroactive, then it would tend to increase even further trial delays. The party who will be favored by the change would be tempted to engage in delaying tactics when the change was announced but not in effect in the hope that the entry of judgment could be delayed until after the effective date of the change. For the above reasons, the court holds that the rate ceiling current while the interest is running against a municipal

corporation for any "accrued claim" must be applied and that the only importance of the date of entry of judgment in a death action is for the purpose of terminating the interest on the accrued claim.