■ BRONXVILLE PALMER, LTD., Appellant, v. STATE OF NEW YORK et al., Respondents. (Claims Nos. 36855, 37536, 37146.) — STALEY, JR., J. Appeals from an order of the Court of Claims, entered November 14, 1969 which suspended interest on the claims herein from January 1, 1963 to October 7, 1965, and from so much of the judgments entered January 20 and 21, 1970 as provided for the suspension of interest during said period. On September 8, 1969, after trial of the claims involved here, the Court of Claims awarded damages to claimant in the sum of $116,149, plus interest, in Claim No. 36855; the sum of $134,291, plus interest, in Claim No. 37536; and the sum of $11,600, plus interest, in Claim No. 37146. The first two awards were for appropriation of claimant's property, and the third award was for negligence on the part of the State. Originally four other claims had been filed by claimant, one for negligence, two for trespass, and one for flood damages. The negligence and trespass claims were also the subject of actions in the Supreme Court, Westchester County against the State's contractors, Poirier & McLane Corp. and Raymond International, Inc. The claim for flood damages was tried separately and is not involved here. On September 2, 1964 the first six claims were continued on the Suspension Calendar of the Court of Claims pending disposition of the Supreme Court actions which were on the Ready Calendar of the Supreme Court, Westchester County. On October 26, 1964 the counsel for one of the defendants in the Supreme Court actions requested an adjournment for the purpose of making a motion for a stay of the trial of the actions

until the Court of Claims had disposed of appellant's claims before it. This motion was denied, and on appeal the order was affirmed on February 23, 1965. (*Bronxville Palmer, Ltd.* v. *Poirier & McLane Corp.*, 23 A D 2d 630.) On the appeal from the order denying the motion, the Attorney-General was permitted to intervene and file a brief as *amicus curiae* wherein it was contended that it was the policy of the Department of Law and the Court of Claims that, when a claimant has instituted an action against a contractor in another court for the same alleged injury based upon the same alleged facts, the action against the contractor should be tried first before proceeding with the claim against the State. (*Smith-Cairns Motor Sales Co.* v. *State of New York,* 45 Misc 2d 770.) Thereafter, the Supreme Court actions were tried in April, 1965 and the jury returned its verdict in favor of the defendants. Respondents then made a motion in the Court of Claims to dismiss the claims for trespass and negligence on the grounds of *res judicata,* which motion was denied on October 8, 1965. On appeal to this court, the order was reversed, in part, by dismissing the trespass claims and so much of the negligence claims as alleged negligence other than in design and supervision of the work. (*Bronxville Palmer, Ltd.* v. *State of New York,* 25 A D 2d 709, affd. 18 N Y 2d 560.) The decision in the Court of Appeals was handed down on December 31, 1966. The trials of the claims involved on this appeal were commenced on May 8, 1967 and concluded on October 17, 1967. The Court of Claims awarded judgment on all three claims on September 8, 1969. The decision provided for interest to run, with certain exceptions not relevant here, from the dates of the acts giving rise to the claims to the date of entry of the judgments. Respondents thereafter made a motion returnable on October 7, 1969 for an order requiring the Clerk of the Court of Claims on the entry of the judgments to suspend interest on the judgments from January 1, 1963 to March 6, 1967. The basis for the motion was an alleged agreement between the attorneys for appellant and respondents in the form of correspondence between them to the effect that the Court of Claims would delay trial of appellant's claims until the outcome of the litigation pending against the contractors in Supreme Court, and appellant would consent to a suspension of the interest on the claims from January 1, 1963 to the date of trial of the claims. Respondents rely on the contents of two letters as the basis for their contention that appellant agreed to suspension of interest. One letter, dated November 9, 1962 from appellant's attorneys to the Calendar Clerk of the Court of Claims, referred to a letter dated October 29, 1962 from appellant's attorneys to Joseph A. Cutro, Assistant Attorney-General, wherein it was stated that it was satisfactory to appellant to suspend interest during the period that the Supreme Court actions were being litigated, and the date of January 1, 1963 was suggested as the "start of the 'no interest' period". The second letter dated November 15, 1962 from Cutro to appellant's attorneys stated "With regard to the third paragraph of your letter, suspension of interest, January 1, 1963 is an agreeable date for the suspension of interest in accordance with the contents of my letter of October 19, and your letter of October 29. I suggest that you prepare stipulations as to each claim and they will be executed accordingly by both our offices." The Court of Claims granted the motion to the extent of ordering suspension of interest on the judgments from January 1, 1963 to October 7, 1965, the date when the order restoring the claims to the trial calendar was filed with the Clerk of the Court. It was held by the trial court that the letter communications did not, in and of themselves, establish respondents' contention and release them from appellant's defense of abandonment of the understanding. The trial court, however, based its decision on the premise that, where a claimant

has a cause of action triable both in Supreme Court and in the Court of Claims, and where claimant exercises his preference for trial first in the Supreme Court, the State is not required to bear the burden of the entire interest. Appellant contends that the alleged agreement was abandoned by respondents, that the motion for suspension of interest was untimely made, and that the court had no power to amend its decision. The trial court held that the alleged agreement was not binding on appellant, particularly in view of the fact that there was no corroborative proof of the agreement, and the fact that no stipulations were ever prepared setting forth the agreement. We agree with this determination, but do not agree that respondents are entitled to the suspension of interest as found by the trial court. The basic reasons for the delay were (1) the policy of the Court of Claims requiring the claimant to first dispose of its pending litigation in Supreme Court before proceeding with its claims against the State and, (2) the litigation entailed by the motion of one of the defendants in the Supreme Court actions for a stay of the trial of those actions until the Court of Claims had disposed of appellant's claims before it. The appellant had no control over these causes of delay and should not be penalized therefor. Claimant did not exercise a preference for trial first of its actions in Supreme Court, but was compelled to try such actions first by reason of the policy of the Court of Claims. The other contentions of appellant require no comment since appellant is entitled to interest as provided in the decision of the trial court dated September 8, 1969. Both the Federal and State Constitutions mandate the payment of "just compensation" where private property is taken for public use. (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 7.) Such compensation necessarily includes the addition of interest since the owner is entitled to "some sum in addition to the bare value of the property at the date of taking for the delay in making payment, so that the compensation may be just." (*Matter of City of New York* [*Bronx Riv. Parkway*], 284 N. Y. 48, 54, affd. 313 U. S. 540; see, also, *La Porte* v. *State of New York,* 6 N Y 2d 1; *Matter of City of New York* [*New Municipal Bldg.*], 57 Misc 2d 156, affd. 32 A D 2d 530.) Order reversed, on the law and the facts, with costs, and the judgments modified by including interest on the amounts awarded in accordance with the decision of the Court of Claims dated September 8, 1969, and, as so modified, affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.