John C. Masbach, J.
This is an application for an order directing the City of New Rochelle to pay just compensation at the time of the vesting of title for property taken by it in advance of the Commissioners’ award pursuant to a local law contained in the City Charter. This local law provides that title passes to the city upon the qualification of Commissioners appointed and upon the appointment the city may enter into and take possession of the property. (Local Laws, 1964, No. 4 of City of New Rochelle, amdg. New Rochelle City Charter, § 171.)
Petitioners contend that they are entitled to compensation in advance of the award by the condemnation Commissioners. The petitioners argue that this right to an advance payment is implicitly contained in the Condemnation Law and explicitly set forth in other statutes governing related proceedings. Petitioners would compute the amount of this advance compensation on the amount contained in the lowest appraisal prepared for the city.
The city’s position is that the provisions of the local law are valid, and the city contends that this valid local law does not provide for advance payment. Furthermore, they argue that petitioners have no standing, by virtue of their failure to answer or move with respect to the petition, and because of their laches in proceeding their application should be denied.
It is undisputed that the city has the right to provide for an immediate vesting of title. It is also undisputed that once the city takes title they cannot withdraw from the proceeding. In addition, there is no doubt that the property owner must be compensated for the taking of the property.
The issue is when must this compensation be paid. Stated another way, must petitioner be relegated solely to interest on the ultimate award of the Commissioners from the date title vests on the appointment of the Commissioners, or is the property owner entitled to some advance compensation other than interest for his property prior to the time of the final award of Commissioners.
Historically, the right of private parties to compensation for appropriation of their properties for public use has existed in common law and statutory law for centuries (People ex rel. N. Y. Cent. & Hudson Riv. R. R. Co. v. Priest, 206 N. Y. 274 [1912]). Our Federal and State Constitutions mandate the payment of just compensation when private property is taken for public use, compelling, in effect, a sale by the owner to the *964 municipality (U. S. Const., 5th Amdt, and 14th Arndts.; N. Y. Const., art. I, § 7; Olson v. United States, 292 U. S. 246, 254-255; Matter of City of New York [Bronx Riv. Parkway], 259 App. Div. 552, affd. 284 N. Y. 48, remittitur amd. 284 N. Y. 701, affd. 313 U. S. 540; Matter of City of New York [Municipal Bldg.], 57 Misc 2d 156 [1968]). It is fundamental that prompt compensation be paid to the owner (Matter of 59 Front St. Realty Corp. v. Klaess, 6 Misc 2d 774). It is true that compensation need not be given in all cases at the time of the actual exercise of the right of eminent domain provided that an adequate and certain remedy is available to the property owner, Litchfield v. Bond (186 N. Y. 66) sin.ee it is the taxing power of the municipality which stands as security for the payment (Pauchogue Land Corp. v. Long Is. State Park Comm., 243 N. Y. 15 [1926]). It is also true, however, that it is within the province of the court to determine in a particular instance what is just compensation (Matter of Keystone Assoc. v. Moerdler, 19 N Y 2d 78 [1966]).
The court finds that just compensation includes a partial advance payment to the property owner at the time title vests in the municipality. When a municipality sees fit to exercise its rights under section 27 of the Condemnation Law to enact a local law which exempts the proceedings from the application of the Condemnation Law, it cannot ignore fundamental common-law, statutory, and constitutional provisions which provide for prompt and just compensation when title vests.
The New Rochelle statute makes no provision for compensation. Where the statute authorizing condemnation in a particular case makes no provision for determining and awarding compensation, the owner of the land taken is entitled to the protection of the provisions of the general laws and the Constitution (3 Nichols, Eminent Domain, § 8.4). The absence of a provision for compensation does not void the statute. It does, however, in the opinion of this court, mean that a duly enacted local law must contain a provision which comports with the intent of the general law and the Constitution, and to the extent it fails to do so it is unconstitutional. (Lichfield v. Bond, supra; St. Regis Tribe of Mohawk Indians v. State of New York, 4 Misc 2d 110.)
The Condemnation Law is the controlling general law to be examined. Section 15 of the Condemnation Law provides that when a final order is made by the Commissioners compensation shall be made to the owners and upon payment of compensation the plaintiff shall be entitled to enter into possession *965 of the property condemned and take and hold it for the public use. This section has been construed to mean that the taking of land becomes complete only after compensation has been made (Matter of City of Syracuse, 224 N. Y. 201 [1918]). As indicated above, all parties agree the city may provide for the vesting of title and entry into possession at the time the oath of the Commissioners is filed (see Matter of City of Syracuse, supra).
Furthermore, it is well settled that the municipality may enter into temporary possession upon a proper showing pending the completion of the proceeding (Condemnation Law, § 24; City of Glen Cove v. Utilities & Ind. Corp., 17 N Y 2d 205 [1966]). If temporary possession is granted, a deposit must be paid into court in a sum fixed by the court to be applied to the payment of any award made with interest from the date of entry upon the land (Condemnation Law, § 24). The purpose of this provision for a deposit was to partially compensate defendant for damages incurred at the time of entry onto property. Certainly, a provision which provides not only for entry and possession but also for actual vesting of title at an early stage of the proceeding should provide for a deposit to compensate defendant for the loss incurred by the taking. The property owner should be placed in a position where at the time title is divested he receives some moneys to enable him to do what is necessary to compensate him for his loss. A landowner, whether for pleasure or profit, should be able to enter into the purchase of another site if he so desires. The running of interest is inadequate for this purpose, particularly in the financial market prevailing today.
The concept is well recognized in other statutes. (Public Housing Law, § 125, subd. 2 [an amount not less than the last assessed valuation]; Highway Law, § 30, subd. 13 [75% of the amount determined to be the proper amount of the claim] ; Agriculture and Markets Law, § 27, subd. 12 [75% of the amount determined to be the proper amount of the claim]; Mental Hygiene Law, § 46, subd. 12 [75% of the amount determined to be the proper amount of the claim] as well as the charter provisions of various municipalities.) Furthermore, it is in the best interests of the municipality to provide for advance payment, since it will cut off the running of interest which may amount to a considerable amount of money if the condemnation proceedings drag on for a period of time.
The next question involves the amount to be paid. Petitioner argues that it should be in the amount of the city’s minimal *966 appraisal. This court finds that, as in the other proceedings, the amount should he based on a percentage of the amount determined by the condemnors’ appraisals to he the value of the claim. The percentage should be the same 75% as contained in these other statutes.
The other arguments advanced by petitioners and the city on the laches question are rejected.
The city is directed to provide the court with its appraisal in order that this court may make an order for payment.