In the Matter of the Application of JOHN J. CASEY and Others, Petitioners, for an Order of Mandamus against GEORGE J. RYAN and Others, Constituting the Board of Education of the City of New York, and JAMES E. FINEGAN and Others, Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 25, 1936.

*Manning & Manning,* for the petitioners.

*Paul Windels, Corporation Counsel [Thomas W. A. Crowe* of counsel], for the respondents.

LEVY, J. This is an application for a peremptory order of mandamus against the board of education and the municipal civil service commission to compel the reinstatement of the petitioners to the position of " architectural draftsman, grade IV," from which position they were suspended on October 21, 1935, by order of the municipal civil service commission. The petitioners were originally in the service of the board of transportation, appointed thereto from civil service lists. In 1933 they were suspended for lack of work, and placed upon a preferred eligible list. The municipal civil service commission had made it a practice to establish such preferred lists under the ostensible authority of section 31 of the Civil Service Law, on a city-wide basis and not on a departmental basis. Reinstatements from such lists were accordingly made to any department in the city having a vacancy and desiring to fill the same, regardless of the fact that the persons so certified for reinstatement had not theretofore served in the department to which reinstatement was made.

On May 22, 1934, petitioners were appointed as architectural draftsmen, grade IV, with the board of education, and were in continuous service in that department until October 1935. At that time the civil service commission notified the board of education that these three petitioners had been illegally appointed, and that their names should be returned to be placed upon the preferred eligible list. In the same communication other persons were certified to replace them. The reason for the action of the civil service authorities was the decision of the Court of Appeals in *Matter of Nagelberg* v. *Finegan* (267 N. Y. 632; motion to amend remittitur denied, 268 id. 611). That case involved mandamus proceedings brought by one Nagelberg and others to compel their appointment from a preferred eligible list, on the ground that other persons who had been appointed from such list by the board of education had not been in the service of that board at the time of their suspension for lack of work. The court granted the mandamus and definitely held that section 31 of the Civil Service Law requires preferred eligible lists to be formed on the basis of departmental service and not city-wide service.

If no other persons entitled to be on the preferred departmental eligible lists had made complaint, it might have been a sound contention that the commission had no right, of its own motion, to suspend the employees who had been previously assigned to the board of education and had served there for over a year without any objection. But the certification by the commission of new names from a departmental preferred list to replace petitioners was the same in effect as if a mandamus proceeding by the men

so certified had been instituted. If they had made an application on their own initiative to be appointed in place of petitioners, the motion would have been granted under the authority of the *Nagelberg* case. It is true that from May, 1934, to October, 1935, these substituted men made no move. Their failure to do so cannot be deemed laches of a kind which should bar them from applying for reinstatement to the positions which the petitioners had. The previous general misconception as to the true meaning of the law was sufficient excuse for their failure to move.

While it may be conceded that the continuation of the petitioners' employment might not have been illegal *per se*, in the absence of complaint, nevertheless, the recognition of the rights of these men who might have sought redress is equivalent to the rectification of a misconception of the law, upon the application of parties aggrieved.

Petitioners not being entitled to reinstatement to their former position, have no sound claim to the difference between the salary which they received in the board of education and the slightly lower salary which they are receiving in their present positions in the board of transportation to which they were reinstated. Section 23 of the Civil Service Law, as amended by chapter 734 of the Laws of 1935, only entitles applicants to back salary in the event they are restored by order of the court to the position from which they were suspended. The fact that they are honorably-discharged service men has no bearing at all.

The petition is denied, without costs.