In the Matter of WILLIAM A. WHALEN, Petitioner, against EDWARD CORSI, as Industrial Commissioner of the State of New York, et al., Respondents.

Supreme Court, Trial Term, Albany County, May 31, 1951.

*Archie Williams* and *Joseph J. Casey* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Herman N. Harcourt* and *Raymond T. Madden* of counsel), for respondents.

BOOKSTEIN, J. The petitioner moves for summary judgment in a proceeding brought under article 78 of the Civil Practice Act in the nature of mandamus to compel his reinstatement to the position of unemployment insurance field superintendent in the Division of Placement and Unemployment Insurance (DPUI), from which position he was dismissed on December 27, 1949, under substantially the circumstances hereinafter set forth.

Petitioner was appointed, after competitive examination, to the position mentioned and had served therein up to February, 1949, at which time, as it appears from the papers filed herein, some dispute arose between the petitioner and the head of the division as to his fitness to continue in the position. Petitioner, it seems, preferred to be placed on a preferred eligible list from which he might be re-employed in a position suitable to him in the same or another department, rather than face the possible onus of charges being preferred against him for his dismissal. Seemingly, by arrangement between the head of the DPUI and the petitioner, the position of unemployment insurance field superintendent held by the petitioner was abolished, and the petitioner's name placed on a preferred list ostensibly pursuant to section 31 of the Civil Service Law. The respondents claim that the petitioner had agreed not to accept re-employment in the position from which he agreed to be dropped, as a consideration for his being placed on a preferred list, instead of possibly being dismissed.

On June 30, 1949, upon the petitioner's insistence that he had a right to reinstatement from the preferred list when the position of unemployment insurance field superintendent was pre-

sumably re-established, he was reinstated in his old position from which he had been dropped in February, 1949. The next day, July 1, 1949, the petitioner was suspended, pending preferment of charges for his dismissal.

Petitioner (by an earlier proceeding instituted in June, 1949) sought to enjoin the respondents from abolishing the position involved herein, although he had been re-employed in such position on May 16, 1949, on a " temporary " basis.

The issue presented to this court, stripped of all embellishments, is whether the appointing officer may, upon reinstatement of an employee from a preferred list to the identical position from which he had been suspended or laid off, dismiss the employee on charges based on his conduct and performance on the job prior to his reinstatement to the same position. The issue concededly is confounded by other issues which are manifestly collateral to the primary issue which this court is constrained to believe must be decisive of the proceeding.

The petitioner was furnished with a statement of reasons and an opportunity to answer the charges as required by subdivision 2 of section 22 of the Civil Service Law. The charges are on their face substantial and not specious or trivial. The statutory requirements having been fulfilled in dismissing the employee, this court may not issue a mandate for his reinstatement merely because there may be disagreement between the appointing officer and the employee as to the justification or wisdom of the dismissal. (*Matter of Rosengarten* v. *Knapp*, 236 App. Div. 743; *Matter of Harvey* v. *Catherwood*, 268 App. Div. 1016; *Matter of Plunkett* v. *Wilson*, 179 Misc. 149, affd. 269 App. Div. 743; *Matter of Singer* v. *Graves*, 254 App. Div. 37, affd. 279 N. Y. 573.)

The petitioner, however, claims that his dismissal, under no circumstances, could be based on charges or reasons relating to his service prior to the date of his reinstatement from the preferred list. His view appears to be that once an employee has been permitted to be placed on a preferred list, his earlier service prior to that time must be presumed to have been satisfactory and not subject to review by the department upon his reinstatement to the same position. With this contention, this court cannot agree. Notwithstanding the suspension of an employee under section 31 of the Civil Service Law, the relationship of the employee to the department is that of one suspended from active service because of lack of work or appropriation, or similar reason. He is subject to reinstatement in

the same position in his department when the position is re-established before any other employee laid off from another department may be reinstated (*Matter of Nagelburg* v. *Finegan,* 243 App. Div. 795, mod. 267 N. Y. 632; *Matter of Casey* v. *Ryan,* 159 Misc. 206, affd. 249 App. Div. 800). There appears to be no reason, therefore, why an appointing officer, upon an employee's reinstatement, may not prefer charges based on his previous active employment and dismiss him thereon in a proper case. There is no estoppel countenanced by the courts against public officials performing their legal duty. The relationship of an employee to a public department is obviously not a " contractual " one, but governed by provisions of the Civil Service Law.

The cases cited by the petitioner are inapposite. They relate to dismissal sought on charges based on conduct of military officers or elective officials and have no application to the proceeding herein. *People ex rel. Davie* v. *Lynch* (164 App. Div. 517, 521) is clearly distinguishable. There the department granted the employee an " indefinite leave of absence ". It was held the employee had never been dismissed in accordance with the statute. The case of *Matter of Brooklyn Audit Co.* v. *Department of Taxation and Finance* (275 N. Y. 284), cited by petitioner, would seem to support the thesis that the petitioner herein was still subject to the jurisdiction of the department in dismissing him upon his reinstatement, rather than to the contrary.

Although in a proceeding of this nature equitable claims or relief may not be considered or granted, the proceeding being one based solely on issues of law, the court is not impressed with the petitioner's appeal to its discretion to grant the extraordinary remedy of a mandamus order which must be granted only where there is a clear legal right thereto. (*Matter of Grosso* v. *Moses,* 157 Misc. 776, affd. 243 App. Div. 765.)

Petitioner has moved for summary judgment. By doing so, the court, if there is no substantial dispute as to the material facts on the primary issue on which a decisive determination of the case or proceeding may be made, may grant judgment for either party. (Rules Civ. Prac., rule 113; *People ex rel. Joyce* v. *Schirmer,* 253 App. Div. 845.) The only real issue in the proceeding, as the petitioner concedes in his reply memorandum, is whether a civil service employee may be removed on charges predating his reinstatement from a preferred list to the same position from which he had been laid

off. This court holds that such removal may be made, particularly under the circumstances under which the petitioner was laid off and dismissed.

The dismissal of the petitioner having been lawfully made, the petitioner is not entitled to any pay for the period of his suspension pending preferment of charges and opportunity to make answer thereto before dismissal. (*Halpin* v. *City of New York,* 54 Misc. 128, appeal dismissed 146 App. Div. 881; *Paris* v. *City of New York,* 189 Misc. 445.)

The petition is, therefore, dismissed, upon the merits, with costs.