In the Matter of ANTHONY ABBONDOLA, Petitioner, against CHURCH OF SAINT VINCENT DE PAUL et al., Respondents.

Supreme Court, Special Term, Kings County, May 29, 1953.

354

*Matthew A. Campbell* for respondents.

*Francis W. Palmieri* for petitioner.

Moss, J. This is a proceeding brought by petitioner, Anthony Abbondola, pursuant to article 78 of the Civil Practice Act, to compel respondents to correct a baptismal certificate to show the correct date and place of birth and to insert other data. Respondents move to dismiss the petition pursuant to section 1293 of the Civil Practice Act, upon the ground that it does not state facts entitling petitioner to the relief sought.

This application is one in the nature of mandamus under subdivision 3 of section 1284 of the Civil Practice Act, which states that '' The expression ' to compel performance of a duty specifically enjoined by law ' refers to all other relief heretofore available in a mandamus proceeding.'' Mandamus is the remedy invoked to compel the performance of a specific duty and is granted only for the enforcement of a clear legal right. It is not issued as a matter of right but only in the discretion of the court. Moreover, the right to its issuance must be so clear as not to admit of reasonable doubt or controversy and it is to be issued only in cases of necessity to prevent injustice or great injury. (10 Carmody on New York Practice, pp. 544, 554, 556.)

On an application of this kind the burden is on the applicant to demonstrate the necessity and propriety of granting the relief

sought. (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361.) In the latter case the court said, at page 364: "Although the order is classed as a legal remedy, equitable principles largely control its issuance. (*Duncan Townsite Co.* v. *Lane,* 245 U. S. 308.) While the applicant must present an issue for the enforcement of a clear legal right, yet even then the court may determine whether, in the exercise of a sound discretion, it shall grant or withhold the order. (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464.) It may be added that such an order is primarily one resting in the sound discretion of the court, and only where the case presented shows no room for the exercise of a reasonable discretion may it be held, as a matter of law, that there has been an abuse of discretion."

Here there is considerable doubt as to the necessity and propriety for granting the relief sought. Petitioner does not refer to any statute or to any ecclesiastical rule or regulation which requires the respondent church authorities to record in their baptismal register the data sought to be inserted. Indeed a baptismal record which is made in the ordinary course of a clergyman's duties is admissible in evidence merely to prove the baptism of the individual named and the date of the administration of the rite. It is not evidence of any other fact not required to be recorded and which did not occur in the presence of the registering officer. (*Blackburn* v. *Crawford,* 3 Wall. [U. S.] 175, 190; *Kabok* v. *Phoenix Mut. Life Ins. Co.,* 4 N. Y. S. 718.) Furthermore, the proposed change in the church records would be repugnant to the provisions of section 138 of the Domestic Relations Law.

In the light of the foregoing, the petition fails to set forth facts sufficient to show a clear legal right to the relief sought. The petition is dismissed. Settle order on notice.