In the Matter of FRED FINCK et al., Petitioners, against ROGER C. BLISS, as Police Commissioner of the City of Hudson, et al., Respondents.

Supreme Court, Special Term, Sullivan County, March 3, 1954.

*N. Le Van Haver* for petitioners.

*Charles G. Alonge, Corporation Counsel,* for respondents.

HAMM, J. The petitioners are all suspended members of the police department of the City of Hudson. On September 30, 1952, they were charged with improper conduct and neglect of duty and more particularly with committing specific acts of misconduct alleged in indictments charging them with perjury. On the same day they were suspended from duty without pay.

On January 16, 1953, the respondent police commissioner of the City of Hudson issued the following directive:

" 1. Any of the members of this Department subject to the action of Directives Numbers 51 and 52 (both dated September 30, 1952) who, after trial by Extraordinary Term of the State Supreme Court in session in Columbia County and found not guilty of the charges made in Court are to be released from suspension, returned to duty and a copy of this directive given them as authority for drawing upon the City Treasurer the full amount of pay withheld from the date of onset of suspension.

" 2. All departmental charges against them at the same time are to be dropped.

" 3. They are to report for assignment within 24 hours of receipt of their dismissal from Court. Assignment is to be made by the Chief of Police in accordance with his time plan."

On December 28, 1953, supplemental and amended charges were served on the petitioners. These charges are immaterial to the determination here as the original charges were on their face sufficient. No answer was ever served as to any charge and none of the petitioners has ever demanded a hearing. But on December 28, 1953, or shortly thereafter the petitioners were notified that a hearing would be held on January 20, 1954, and on January 14, 1954, the petitioners procured this order to show cause why the respondents should not be required to " pay petitioners all back salary due them and pay all back salary due them before petitioners are obliged to stand trial on charges preferred against them ". The order to show cause stayed the respondents from " proceeding on said charges against petitioners " until the determination of the application.

Subdivision 2 of section 22 of the Civil Service Law provides: " No officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for incompetency or misconduct. The person whose removal is sought shall have written notice of such proposed removal and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing. Pending the determination of such charges such officer or employee may be suspended without pay for a period of not exceeding thirty days."

Chapter 834 of the Laws of 1940 provides: " A policeman serving in the competitive class of civil service in any city, county, town or village of the state, any provision of law, rule or regulation to the contrary notwithstanding, shall not be removed from his position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such policeman to be represented by counsel at such hearing and to a judicial review in accordance with the provisions of article seventy-eight of the civil practice act."

This proceeding is not barred by the four months' limitation contained in section 1286 of the Civil Practice Act (*Matter of De Luca* v. *Gaffney,* 282 App. Div. 607, 611).

But a demand unduly delayed will bar relief (*Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292, *Matter of De Lack* v. *Greene,* 170 Misc. 309, *Matter of Williams* v. *Pyrke,* 233 App. Div. 345, 347).

The petitioners have not only failed to answer or demand a hearing but, when a date for hearing was fixed, they procured an order to show cause containing a stay of the hearing. Obviously their delay constitutes laches indicating denial of relief unless the directive of January 16, 1953, constitutes a satisfactory explanation of or excuse for their delay.

It is not disputed that the petitioners at no time sought to delay their trials on the indictments found. It is likewise undisputed that they at no time moved to dismiss for failure to prosecute.

However, acquittal of criminal charges does not necessarily mean that the officer is not guilty of such (*Matter of Higgins* v. *Valentine,* 256 App. Div. 673, affd. 285 N. Y. 791). Although the petitioners would have been entitled to the rule of reasonable doubt in a criminal prosecution, such a rule does not prevail in the hearing of departmental charges (*Matter of Berman* v. *Gillroy,* 198 Misc. 369, affd. 278 App. Div. 907, affd. 305 N. Y. 688, motion for reargument denied 305 N. Y. 797), and one acquitted of criminal charges may still be found guilty of the same charges and be removed after a departmental trial as unfit to occupy a public office (*People ex rel. Wood* v. *Department of Health,* 144 App. Div. 628, affd. 202 N. Y. 610; *Matter of Evans* v. *Monaghan,* 306 N. Y. 312).

The directive was more favorable to the petitioners than required by law or by the full accordance to the petitioners of their legal rights. It is true that, if they had been acquitted on the criminal charges under rules of law more favorable to them than the rules covering departmental hearings, they might under the directive have been restored to duty. But, as they have not been so tried, they may not be heard to complain that they were not accorded a privilege greater than that which the law affords.

It is argued " the respondent should be estopped from asserting a defense of laches against petitioners' claims for their back pay ". A public officer may not be estopped from the performance of his duty (*Matter of Whalen* v. *Corsi,* 201 Misc. 39, 42, affd. 279 App. Div. 1113). It follows of necessity that the petitioners were not justified in relying on an indefinite failure by the respondent commissioner to conduct the departmental trial which it was his duty to require.

Moreover, this proceeding under article 78 of the Civil Practice Act to compel performance of an alleged duty is in the nature of the former writ of mandamus (*Bresnick* v. *Saypol,* 57 N. Y. S. 2d, 904, 908). And the courts are not without reasonable discretion to determine whether an order of mandamus should issue (*Matter of Abbondola* v. *Church of St. Vincent De Paul,* 205 Misc. 353; *Matter of Jordan* v. *Loos,* 204 Misc. 814, 821; *Matter of Pruzan* v. *Valentine,* 282 N. Y. 498, 501).

In *Matter of Coombs* v. *Edwards* (280 N. Y. 361, 364), Judge FINCH wrote: " This is an application for an order to compel performance of an alleged duty. Obviously such order takes the place of the old writ of mandamus. It is employed only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use. Even then the court may consider by way of defense the hardship and injustice to the defendant, the conduct of the applicant and the interest of third persons. Although the order is classed as a legal remedy, equitable principles largely control its issuance. (*Duncan Townsite Co.* v. *Lane,* 245 U. S. 308.) While the applicant must present an issue for the enforcement of a clear legal right, yet even then the court may determine whether, in the exercise of a sound discretion, it shall grant or withhold the order. (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464.) It may be added that such an order is primarily one resting in the sound discretion of the court, and only where the case presented shows no room for the exercise of a reasonable discretion may it be held, as a matter of law, that there has been an abuse of discretion."

If the petitioners had not procured this instant order to show cause with stay they would either by now have been reinstated with right to back pay from the date of suspension or have been dismissed by a decision subject to court review. So far as discretion exists to grant or refuse the application it appears that the exercise of sound discretion dictates its denial.

The application is denied and the petition is dismissed.

Submit order on two days' notice.