Owen McGtvern, J.
Plaintiffs, Adler and Feinstein, move for summary judgment, and defendants, the Board of Education of the City of New York and the City of New York, cross-move for similar relief.
Plaintiffs, who are employees of the Board of Education of the City of New York, were heretofore suspended from their positions, without pay, on the basis of charges preferred against *790 them by the Superintendent of Schools. The Board of Education thereafter withdrew the charges and restored to them the full amount of the salaries which they would have earned had they continued to be employed during the period of their suspension, less the amounts which they earned elsewhere during the suspension period.
Plaintiffs claim that it was improper for the Board of Education to offset their outside earnings, and now sue for the amount of such offsets. They also claim that interest to the date of payment should be computed at 6% per annum rather than at the lower rates provided for by section 3-a of the General Municipal Law.
Primarily, the court finds no merit to the plaintiffs ’ claim with respect to the alleged improper rate of interest. (General Municipal Law, § 3-a, as amd.; cf., also, People ex rel. Emigrant Ind. Bank v. Sexton, 284 N. Y. 57, 63; Matter of City of New York [Bronx Riv. Parkway], 284 N. Y. 48.)
Defendant, the City of New York, asserts that it was improperly made a party defendant and that it is not and never was liable upon the claim here asserted. This defense is well taken, for nowhere in their complaint or in the papers in support of their motion for summary judgment do plaintiffs submit any appointive, contractual or other legal relationship with the City of New York which would impose upon it any obligation to pay plaintiffs’ salary. The Board of Education of the City of New York is a separate body corporate, with the power and duty to organize and operate the public school system in the City of New York.
As to the validity of the offset of outside earnings against the payments due from the Board of Education, the plaintiffs concede that under the common-law rule of damages such offset would be permissible in mitigation of the damage incurred by them as a result of their unlawful suspension. However, they assert that the common-law rule is inapplicable by virtue of the amendment in 1936 of the present subdivision 7 of section 2573 of the Education Law (L. 1936, ch. 851). That section, which establishes the procedure to be followed in the trial of .charges preferred against employees of the Board of Education, provides in part that “ In case the principal or other officer or teacher is acquitted, he shall be restored to his position with full pay for the period of suspension.” (Emphasis supplied.)
Since there was never any trial of the charges preferred against the plaintiffs, in that such charges were withdrawn before trial, the plaintiffs cannot claim they were acquitted following a trial, so as to come within the purview of the foregoing provision *791 of the Education Law (see Matter of Casey v. Ryan, 159 Misc. 206, affd. 249 App. Div. 800).
This court reaches the conclusion that the change of wording of old section 22 of the Civil Service Law [now §§ 75-76], did not and was not intended to create a change in the substantive rule of damages, that such amendment simply codified the previously applicable common-law rule which permits a deduction of outside earnings in mitigation of damages, and that the provision of the Education Law here in issue should be so construed as to permit such offset.
In reaching this conclusion, the court is mindful of the fact that old section 23 of the Civil Service Law [now § 77], which applied to classified civil service employees who were restored by order of the Supreme Court to positions from which they had been wrongfully removed, made specific provision as far back as 1935 for the offset of outside earnings (L. 1935, ch. 734). A similar provision is now found in section 77 (as amd. by L. 1958, ch. 790) of the Civil Service Law. The fact that the wording of old section 22 of the Civil Service Law was changed in 1958, warrants no inference that the then existing rule of damages was being changed; rather is it an indication of a legislative intent to make the language in the various related sections of the Civil Service Law conform with a similarly applicable rule of damages equally applicable to subdivision 7 of section 2573 of the Education Law.
Until the Legislature clearly provides otherwise, the common-law rule of damages must constitute the applicable measure of liability. The provisions of subdivision 7 of section 2573 of the Education Law must be read in connection with the common law existing at the time (2 Sutherland, Statutory Construction [2d ed.], § 499; Transit Comm. v. Long Is. R. R. Co., 253 N. Y. 345, 355). Furthermore, as the court said in the case last cited (p. 355): “ Rules of the common law are to be no further abrogated than the clear import of the language used in the statute absolutely requires. (Bertles v. Nunan, 92 N. Y. 152, 158.) ”
This court finds no express direction in the foregoing statute that relieves the plaintiffs of their common-law obligation to mitigate damages or which precludes the defendant Board of Education from a right of offset (see Matter of Town of Ckeektowaga Grade Crossings, 259 App. Div. 141 [4th Dept.], affd. 283 N. Y. 687; New York City Tunnel Auth. v. Consolidated Edison Co., 295 N. Y. 467).
The plaintiffs’ motion for summary judgment is denied. The cross motion of defendants for summary judgment is granted.