Dye, J. (dissenting).
Section 3013 of the Education Law provides in substance that a public school teacher with tenure shall hold his respective position during good behavior and competent and efficient service and shall not be removed except upon written charges after a hearing upon notice.
The Appellate Division has construed this provision against discharge as a pronouncement of public policy against the enforcement of any contract made between a teacher and the board “within the frame of the statute”; in short, that a teacher may not relinquish the protection of tenure except through the medium of a statutory proceeding. We do not so read the statute. The public policy there enunciated is against the loss of position except for cause to be determined in a statutory proceeding on written charges after notice. It constitutes a shield protecting the teacher against an unreasonable, arbitrary or capricious removal. It is the counterpart of the right enjoyed by employees of the Civil Service — and like any other fundamental constitutional or statutory right—may be waived or relinquished in a given case. That is the situation here.
The petitioner, Helen Boyd, with a background of 35 years as a teacher in the public school system, the last 8 years being with tenure with the respondent school, in October, 1956 faced removal on the complaint of many of the parents of the 21 or 22 children in the fourth grade, charging incompetence, inefficiency, neglect of duty, and conduct unbecoming a teacher. The petitioner and the members of the board, recognizing the seriousness of the situation thus posed, sought an amicable solution without risking the embarrassing and adverse consequences to the school children, the community and the reputation of the teacher that were bound to attend a disciplinary proceeding of that sort, no matter what the outcome.
*236 The petitioner sought the aid and counsel of the Hamilton County Judge, a life-long friend. Negotiations ensued between the Judge and the members of the board, resulting in an agreement memorialized by a resolution adopted at a meeting of the school board held October 17, 1956. The petitioner did not attend that meeting, although she had been invited to do so; however, she was represented by the Judge, whether as a friend or as attorney does not matter. According to 'the affirmed findings of fact, ‘ ‘ it was agreed that there would be no formal charges filed against petitioner; that she "would be paid her salary until the end of the school year, that petitioner would also be furnished with a letter of recommendation and that petitioner would resign ’ ’. For her part, the petitioner then left the school and took another position. The board, on its part, paid the petitioner her agreed salary in monthly installments to June 27, 1957, the end of the school year for which she had been hired, and furnished her a letter of recommendation. No charges were filed with the board. In September, 1957 the petitioner demanded a further payment of salary and for the first time expressed dissatisfaction with the letter of recommendation theretofore given her by the board. It is significant to note that the petitioner never filed her resignation as agreed, never presented herself to the board for rehire to her former position nor did she offer to return any of the money paid in consideration of her resignation. When the board refused to make any further salary payments the petitioner brought this proceeding. The arrangement to resign in lieu of trial on charges was not the result of fraud or over-reaching on the part of the board or misunderstanding on the part of the petitioner. Nowhere does she claim that she was ignorant of her legal rights, but freely concedes that the Judge whom she had authorized to appear before the board in her behalf had advised her as to the law and had read to her the provisions of section 3013.
We find nothing in the law which bars enforcement of the agreement as made. The petitioner, although advised by the board to take time to think it over, elected to accept the compromise and, in so doing, acted within her rights. When she accepted the consideration therefor she was bound to perform the obligations imposed. She may not now be relieved of *237 that duty by asserting that the board was acting under a disability. What the board did in the premises was not unlawful. The petitioner had an unexpired contract for the balance of the school year. The payment of the balance of her salary for that unexpired period was not a gift under the circumstances but was for a legitimate school purpose (Education Law, § 1709). The board was simply settling a potential claim in avoidance of disagreeable and uncertain litigation for a valuable consideration found in the agreement of the petitioner to give up the teaching position for the balance of the school year and to resign, upon which they were justified in relying (Education Law, §§ 1709, 3813). The board with propriety could have granted a leave of absence with pay for the unexpired period. This was not that situation, but one which required a high degree of administrative discretion which in this instance was wisely exercised.
The payment of back salary falls into a different category, since it appears without dispute that the duties of the position held by the petitioner have been performed by others ever since she was relieved. Under such circumstances even if she be restored, no back pay may be allowed (Matter of Barmonde v. Kaplan, 266 N. Y. 214). Section 77 of the Civil Service Law applies only to Civil Service employees (Matter of Casey v. Ryan, 159 Misc. 206, affd. 249 App. Div. 800; Matter of McMaster v. Owens, 275 App. Div. 506). Public school teachers are governed by the Education Law which authorizes back pay only when a teacher is restored to duty following an acquittal in a statutory proceeding (Education Law, § 3013, subd. 3). Here, no such proceeding was had since petitioner had voluntarily surrendered any rights the statute gave her for a valuable consideration. She may not benefit by her purposeful inaction, especially when her continued silence had lulled the board into making full payment of the balance of salary under the expectation that her resignation would be filed as agreed. Such calculated and long-continued silence under circumstances calling for prompt action must be deemed to have estopped the petitioner from questioning the sufficiency of the letter1 of recommendation. We note too that, following the relinquishment of her position, she took other employment and that at the beginning of the following school year she made no offer *238 to return. She made the complaint about the sufficiency of the letter in September, 1957 and her first offer to return to her position was made February 9, 1960, some three years after she had received the letter of recommendation.
The order appealed from should be reversed and the petition dismissed.
Judges Fuld, Van Voorhis, Burke and Foster concur with Chief Judge Desmond; Judge Dye dissents in an opinion in which Judge Froessel concurs.
Order affirmed.