■    In the Matter of JERRY HARWOOD, Petitioner, v. ARTHUR CORNELIUS, JR., as Superintendent of the Division of State Police, Respondent.—*Per Curiam.* This is a proceeding under article 78 of the Civil Practice Act transferred to the Appellate Division of the Supreme Court by an order of Special Term. The transfer was made on application of the respondent over the opposition of the petitioner. The petitioner was charged with violation of section 8.38 of article 8 of the New York State Troopers Rules and Regulations in that he " displayed inaptitude, inadaptability and reluctance to perform properly his assigned duties by his failure to make necessary desk blotter and radio log entries * * * and by his continued inaptitude and failure to exercise diligence in the proper performance of his duty." The bill of particulars which was furnished specified the following " particular facts ": " (a) Failure to make necessary desk blotter and radio log entries on April 11, 1961 relative to the Kear death. (b) Failure to make proper blotter entries relative to checkout for meals, both at breakfast and at lunch on April 11, 1961. (c) On May 2, 1961 reported eight and three-quarters hours late for duty." Hearings were held. An adjourned hearing was terminated before completion of the testimony when the petitioner admitted the specifications contained in (a) and (c) of the bill of particulars, requested reduction in rank from corporal to trooper and requested his transfer to Troop C in the status of trooper. The petitioner alleges in his petition that his admission of the specifications and his consent to demotion and transfer were induced by the respondent's agreement and promise that no disciplinary action other than demotion and transfer would be taken and that the petitioner would be transferred " with a fresh and clean record, free of any stigma that might be attached to the unfair past performance rating and to the holding of the disciplinary hearing, no evidence of which was to accompany petitioner's transfer." He further alleges that it was agreed that the unsatisfactory performance rating which appeared in his field personnel file prior to the hearing would be set aside. He contends that in violation of the agreement the respondent placed him on probation, continued his unsatisfactory performance rating and caused the rating to accompany him to his place of transfer. Section 1296 of article 78 of the Civil Practice Act, pursuant to which article this proceeding was made returnable, provided: " If the court erroneously decides that the issues in the cause are not such as to call for transfer of the cause to the appellate division, or if the converse occurs, the appellate division shall treat

the cause, when the latter comes before it by appeal or transfer, as if the proper proceedings had been taken, and shall either dispose of the issues itself, or if the papers before it are not sufficient therefor, shall remit the proceeding, to the proper term or court to be disposed of." The petitioner's probationary period of 90 days expired in 1962 without incident and this issue has become academic. As to the petitioner's complaints with reference to his performance rating, the respondent could not validly agree to act in violation or derogation of his duty. "There is no estoppel countenanced by the courts against public officials performing their legal duty." (*Matter of Whalen* v. *Corsi*, 201 Misc. 39, 42, affd. 279 App. Div. 1113.) Further, and as respects both the performance rating and the probation, the Attorney-General's brief states, without contradiction, that on March 13, 1963, petitioner was given a performance rating of "Excellent"; that the past probation is ineffective for any purpose; and that petitioner, having passed a promotional examination, is upon an eligible list, awaiting promotion to sergeant. Thus, there is strongly emphasized the purely academic nature of petitioner's present complaints, which would render futile any remittal for the taking of evidence, even if such remittal were legally proper. Petition dismissed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.