T. Paul Kane, J.
This is a proceeding pursuant to the provisions of article 78 of the Civil Practice Law and Rules in which the petitioner seeks to have declared null and void a certain resolution of the Board of Trustees of the Village of Chatham, respondent, that declared the office of Clerk-Treasurer of the village vacant on April 5,1965. Until that date, petitioner was the Clerk-Treasurer of the village, having been appointed on December 28, 1963, and reappointed to a full two-year term on April 6, 1964. There is no dispute as to the reason for the declaration of the vacancy by the board which is contained in the following resolution passed on April 5, 1965: “12. Motion by Trustee Dodge and seconded by Trustee Ludescher and carried that office of Clerk-Treasurer be declared vacant since present appointee is ineligible to hold office since he is not and was not at the time of appointment a resident of the Village of Chatham.” Nor is.there any dispute that the petitioner was not a resident of the Village of Chatham when he was appointed on December 28, 1963, nor that he ever was a resident of the village.
The qualifications for holding public office are set forth in section 3 of the Public Officers Law which provides in part as follows: “ No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, be of full age, a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised ”.
*704 On April 6, 1964, there existed a waiver provision pertaining to residence, in section 43 of the Village Law, which provided as follows: “Notwithstanding the provisions of sections three or thirty of the public officers law, the board of trustees of a village may, by resolution, provide that any person otherwise eligible to appointment or reappointment as treasurer, clerk, deputy treasurer or deputy clerk of a village shall be eligible and may continue as such treasurer, clerk, deputy treasurer or deputy clerk if he resides within a town in which the village is wholly or partly situated.”
The petitioner contends that he possesses all the requirements to hold the office in question except that as to residency, and that this was well known to respondent at the time of his appointment. He alleges that this was also true of petitioner’s predecessor. Consequently, he contends that the respondent’s intention to declare him eligible to be appointed must be inferred, and no special form of resolution is necessary to waive the resident requirement.
Petitioner further contends that based upon equitable principles, and particularly that of estoppel, the respondent board cannot rely upon its own illegal acts in appointing petitioner and thereafter remove him. .
The difficulty in attempting to apply equitable principles to the matter before the court is that the court is faced with a definite statutory mandate. The efficacy of this mandate is strengthened by the new provisions of the Village Law, effective April 1,1965, former section 43 being repealed. This new section is entitled and reads in part as follows:
“ § 4-404. Eligibility for election or appointment to, and continuance in office.
* * *
“ 2. No person shall be eligible to be appointed to or to hold any other village office who: is not a citizen of the United States; is not at least twenty-one years of age; except as may otherwise be provided by law, is not a village resident; and, if eligibility to or holding of such office is subject to regulation under the civil service law or any other law, does not meet the requirements of such law or laws. Notwithstanding any other provisions of law to the contrary, the board of trustees of a village may provide, in lieu of any other residency requirement imposed by law, that any appointed village officer may reside within a town in in which the village is wholly or partially situated.”
Furthermore, it is an old and well-known maxim of equity that “ equity follows the law.” “ It has never been the policy of equity to set up a system of rules competing and conflicting with *705 rules of law; the policy of equity is to save and preserve the policy of the law.” (20 N. Y. Jur., Equity, § 87.)
There seems no question but that the respondent board could by resolution waive the resident requirement even at this time, if it so desired. (Village Law, § 4-404, subd. 2.) This it chooses not to do and it is certainly within the board’s rights and is in fact its duty to select appointees in accordance with its collective, best judgment.
The statutory qualifications are clear and unequivocal. Undoubtedly the Legislature has good reason for these requirements, and they may not be waived by inference, presumption or any of the maxims of equity. This would directly contravene statutory policy and cannot be allowed. It therefore follows that the respondent board was exercising its duty in declaring the office of Village Clerk-Treasurer vacant once it concluded not to waive the resident requirement by resolution. “ A public officer may not be estopped from the performance of his duty (Matter of Whalen v. Corsi, 201 Misc. 39, 42, affd. 279 App. Div. 1113).” (Matter of Finck v. Bliss, 205 Misc. 775, 779.)
Accordingly the application is denied and the petition is dismissed.