Bernard S. Meyer, J.
Petitioner was an employee of the town. On January 26,1965 he was suspended without pay from his position; on February 8, 1965 he was served with charges to which he filed an answer in which he sought to explain his actions. On February 16, 1965, a hearing was held and on March 16,1965, the Town Board adopted a resolution terminating his employment effective January 26,1965. In this proceeding petitioner seeks judgment requiring payment of his salary for the period February 26, 1965 to March 16, 1965, both dates inclusive. The town acknowledges that under Matter of Amkraut v. Hults (21 A D 2d 260, affd. 15 N Y 2d 627; see, also, Matter of Hussey v. Town of Oyster Bay, N. Y. L. J., June 4, 1965, p. 21, col. 4) he is entitled to pay for that period unless the delay was occasioned by him, but contends that the delay was occasioned by petitioner since it was necessitated by the investigation of the explanatory matter set forth in petitioner’s answer.
Section 75 of the Civil Service Law simply provides that pending 11 hearing and determination of charges * * * the officer or employee * * * may be suspended without pay for a period not exceeding thirty days ”. The purpose of that provision is to assure that the matter is promptly disposed of because as a practical matter one accused is frequently cut off from all income during the suspension (Matter of Amkraut v. *890 Hults, supra). But as noted in that case, the same rule of fairness applies to petitioner: “If a delay in proceeding is occasioned by the conduct of the accused he cannot justly be heard to complain nor be allowed a recompense for the period involved ” (21 A D 2d 260, 263). However, the cases upon which the latter rule is based involved petitioners who did nothing to obtain a hearing for a period of three and one-half years (Matter of Fay v. Lyons, 202 Misc. 789, affd. 282 App. Div. 90) or who obtained an order to show cause delaying the holding of a hearing (Matter of Finck v. Bliss, 205 Misc. 775). No case has been cited or found holding that the mere raising of an issue of fact constitutes such a delay. In view of the obvious unfairness to an employee of such a rule, the court holds as a matter of law that the filing of an answer does not constitute delay in the determination of the charges within the meaning of the rule. It follows that petitioner is entitled to the judgment he seeks.