ACME BUILDERS, INC., Respondent-Appellant, *v.* COUNTY OF
NASSAU, Appellant-Respondent.

Second Department, April 19, 1971.

*Morris H. Schneider, County Attorney (Louis Schultz* and
*Jeffrey I. Rosenberg* of counsel), for appellant-respondent.

*Nager & Korobow (George Nager* of counsel), for respondent-
appellant.

LATHAM, J. In this action to recover a balance allegedly due
upon a contract to repair and alter the Nassau County Jail and
to recover the value of extra labor and materials furnished, the

plaintiff was awarded $40,000 by a jury verdict. The defendant has appealed from the judgment entered March 3, 1970 upon the verdict. The judgment included interest at 6% per annum from August 2, 1963, but the interest has been reduced to the rate of 3%, by an order made on May 8, 1970. The defendant has also appealed, as limited by its notice of appeal and its brief, from the portions of that order which denied the defendant's motion to set the verdict aside as against the weight of the evidence and which, while reducing the interest rate, permitted the interest to be computed from August 2, 1963. The plaintiff has cross-appealed from the portion of the order which reduced the interest to 3% per annum.

I have no difficulty in concluding that the jury verdict should be permitted to stand. Further, insofar as the appeal by the defendant is from the portion of the order which refused to set aside the verdict, it should be dismissed, since such a determination, when made upon the minutes of the trial only, is not appealable. I therefore pass on to the issue of the award of interest.

In my opinion, the Special Term was correct in determining that, since the defendant is a municipal corporation, the proper rate of interest was 3% per annum, pursuant to subdivision 1 of section 3-a of the General Municipal Law, and that interest at that rate runs from August 2, 1963, the date when the defendant refused to make payment on the plaintiff's claim. Subdivision 1 of section 3-a provides *inter alia*: "the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim * * * shall not exceed three per centum per annum". CPLR 5004 states that interest with respect to a money judgment "shall be at the legal rate, except where otherwise prescribed by statute".

The plaintiff argues that, since section 3-a of the General Municipal Law does not prescribe interest on a cause of action arising from a breach of contract, and since CPLR 5001 (subd. [b]) states, *inter alia*, that interest levied on an award after trial in a contract action should be computed "from the earliest ascertainable date the cause of action existed", subdivision 1 of section 3-a does not apply and, therefore, interest at the rate of 6% per annum (the legal rate at the inception of this action) should be levied from the date when the defendant refused to make payment on the claim, to wit, August 2, 1963, to the date of the entry of the judgment. I do not agree with this contention so far as the rate of interest is concerned. I do not believe that the applicability of CPLR 5001 in the instant action excludes the applicability of subdivision 1 of section 3-a of the General Municipal Law.

CPLR 5001 does not specify the *rate* of interest that should be levied on an award in a contract action, but indicates *when* interest should start to run on the award, namely, from the earliest ascertainable date the cause of action existed. Similarly, CPLR 5002, captioned "Interest from verdict", etc., states that interest should run "*from the date the verdict was rendered*" (emphasis supplied) and CPLR 5003, captioned "Interest upon judgment", states *inter alia* that "every money judgment shall bear interest *from the date of its entry*" (emphasis supplied).

In contradistinction, both CPLR 5004 and subdivision 1 of section 3-a of the General Municipal Law, although silent as to the time from which interest should be computed, specify the rate of interest that should be levied, the former applying to awards not otherwise covered by statute and the latter applying to awards against municipalities.

I therefore conclude that, when an award is rendered against a municipality, subdivision 1 of section 3-a of the General Municipal Law, with its prescribed rate of interest, should be read and applied *in pari materia* with CPLR 5001 through 5003; and, in the same vein, CPLR 5004, which prescribes a "legal rate" of interest, should be so read and applied with CPLR 5001 through 5003 when no special interest-rate statute comes into play.

Thus, I construe the language used in the General Municipal Law to mean that, when an award is obtained against a municipality, interest of 3% per annum should be computed (1) from the "earliest ascertainable date the cause of action existed * * * to the date the verdict was rendered" if the matter *inter alia* is a contract action (CPLR 5001, subds. [b], [c]; *Adler* v. *Board of Educ. of City of N. Y.,* 33 Misc 2d 789, affd. 18 A D 2d 1053; *Futia Co.* v. *Schenectady Municipal Housing Auth.,* 33 A D 2d 591); (2) "upon the total sum awarded, including interest to verdict", if the matter *inter alia* is a contract action, and "in *any* action, from the date the verdict was rendered * * * to the date of entry of final judgment" (CPLR 5002 [emphasis supplied]; cf. *Decker* v. *Dundee Cent. School Dist.,* 4 N Y 2d 462); and (3) from the "date of * * * entry" of a money judgment against a municipality (CPLR 5003).

The plaintiff also contends that the language "judgment or accrued claim" contained in subdivision 1 of section 3-a of the General Municipal Law negates any suggestion that 3% interest should run from the date when the defendant was deemed to have refused to make payment on the claim, to wit, August 2, 1963. According to the plaintiff, its claim for damages did not "accrue" until the cause of action ripened into a judgment and, therefore, 6% interest should run from August 2, 1963 to the

entry of the judgment and 3% thereafter. This reasoning has no merit.

In the first place, the General Municipal Law contains the words, *inter alia*, " upon any judgment ", while the language in CPLR 5003 reads that every money judgment shall bear interest " from the date of its entry ". We believe that, if the Legislature intended that interest of 3% is to run only from the entry of a money judgment against a municipality, it would have employed language in the General Municipal Law comparable to that quoted above from CPLR 5003.

Secondly, the accruing of a claim under a contract occurs, not as the plaintiff intimates, at the time a verdict or judgment is rendered, but rather when the person aggrieved is able to ascertain the extent of his damages (cf. *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, affd. 277 N. Y. 635). While such accrual may or may not occur *eo instanti* with the breach, it is nonetheless closely related to, and is the direct result of, the breach (cf. *Edlux Constr. Corp.* v. *State of New York, supra*).

While the term " accrued claim " with respect to a party's rights under a contract does not seem to have been clearly delineated previously by the courts of this State, the terms " claim accrued " and " accrual of such claim " have been construed in actions by contractors arising out of claims against the State for work, labor and materials. Subdivision 4 of section 10 of the Court of Claims Act states: " A claim for breach of contract, express or implied and any other claim not otherwise provided for by this section  *  *  *  shall be filed within six months after the accrual of such claim ".

In *Edlux Constr. Corp.* v. *State of New York* (*supra*) the contract which was the basis for the claim in suit, by a contractor, was approved by the Department of Public Works on December 28, 1932. Final payment could be made only upon the certificate of the Superintendent of Public Works showing the amount of the final sum payable to the contractor. On October 27, 1934, such certificate and an estimate was approved and delivered to the claimant; it stated that $2,259.69 was due the claimant; and the latter accepted such sum and reserved the right to file a claim for additional sums claimed to be due. In December, 1934 the Comptroller refused to pay any additional amount and in January, 1935 the claim was filed. The Appellate Division, Third Department, in holding that the claim was timely filed, stated: " ' The expression " claim accrued " is not identical with the expression " cause of action accrued." The claim accrues when it matures, and the words " claims accrued " have the same meaning as " damages accrued " ' " (p. 374, quoting from *Dufel*

v. *State of New York,* 198 App. Div. 97, 102) ; and '' the claim had not ' accrued ' and the Statute of Limitations did not begin to run until the audit and rejection '' [by the Comptroller] (p. 375).

In *Terry Contr.* v. *State of New York* (51 Misc 2d 545) the Court of Claims held, under the circumstances of that case, that the claim in suit accrued when the claimant contractor received the final estimate from the Department of Public Works, since, although the final estimate is subject to change, it enables the contractor to decide whether he has any claim against the State for breach of contract, for moneys due or miscomputed under the contract, or for extra work performed or extra materials supplied outside the contract (cf. *Di Laura* v. *State of New York,* 169 Misc. 912; Davison, Claims Against the State of New York [1954], p. 231).

In *D'Angelo* v. *State of New York* (200 Misc. 657) a suit was brought by a contractor for breach of contract and for extra work, labor and services performed. After the matter was in issue, the parties consented to entry of a judgment in favor of the claimants in the sum of $29,835.87 and a judgment in that amount was entered on July 26, 1949, without interest. The question of interest was held in abeyance. Subsequently, the Court of Claims awarded interest from the date the State had completed the final estimate, February 9, 1949, to the date of the entry of the judgment, to wit, July 26, 1949, at 4% per year, pursuant to section 16 of the State Finance Law. The language then employed in the State Finance Law was similar to that used in the General Municipal Law here in dispute. It reads: '' The rate of interest to be paid by the state upon any judgment or accrued claim against the state shall not exceed four per centum per annum ''.

The conclusion to be drawn from the cases just discussed with respect to contract claims against the State is that an accrued claim exists not only before any verdict or judgment is rendered with respect to the claim, but before any action is taken to enforce it.

Applying to the instant case the rationale of the cases discussed with respect to claims against the State, it would seem that the claim of the plaintiff accrued against the County of Nassau on August 2, 1963, the date, as found by the Special Term, that the county had, in effect, refused to make payment or attempt to resolve the dispute. At that date the plaintiff was able to ascertain its damages and had no other recourse but to institute suit. That such date is also deemed to be the date of the breach is of no moment.

I, therefore, conclude that the decision of Special Term computing interest on the $40,000 award at 3% per annum pursuant to subdivision 1 of section 3-a of the General Municipal Law from August 2, 1963 was correct. Accordingly, the judgment, as corrected pursuant to the order dated May 8, 1970, should be affirmed; likewise, so much of the order as directed the correction should be affirmed. As stated at the outset hereof, so much of the appeal as is from the provision of the order refusing to set aside the verdict should be dismissed. No award of costs should be made.

SHAPIRO, J. (concurring in part and dissenting in part). I concur in the affirmance of the judgment appealed from, but only as the judgment was originally entered; and I concur in the dismissal of part of the appeal from the order dated May 8, 1970. However, I dissent from so much of the order dated May 8, 1970 as limits the plaintiff's recovery of interest to 3% per annum from the time the cause of action arose to the time of the verdict.

This is an action to recover for work, labor and services in connection with repairs and alterations to the Nassau County Jail. The learned Trial Justice ruled at Special Term that since Nassau County is a municipal corporation the right to interest is governed by subdivision 1 of section 3-a of the General Municipal Law. That statute provides that '' the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim   *   *   *   shall not exceed three per centum per annum.'' Such a provision is constitutionally valid (*Matter of City of New York* [*Bronx Riv. Parkway*], 284 N. Y. 48; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton*, 284 N. Y. 57).

When the plaintiff's claim fructified into a verdict the plaintiff had an '' accrued claim '', so that thereafter it was limited by the terms of this statute to 3% per annum on the verdict and on the judgment entered thereon. The plaintiff contends, however, that from the time its cause of action arose until the verdict it was entitled to interest at the rate of 6% per annum.

CPLR 5001, so far as here material, provides:

'' (a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission   *   *   *.

'' (b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed ''.

CPLR 5002 provides: '' Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment.''

The decisive question here, therefore, is whether when the defendant breached its contract with the plaintiff the latter then had an " accrued claim ". I have been unable to find any Court of Appeals case directly in point. In the *Bronx Riv. Parkway* case (*supra*), the holding of the court, so far as here relevant, was strictly limited to a determination that section 3-a was applicable to an award made in condemnation proceedings instituted by a municipal corporation. The court was most careful to indicate that it was not dealing with an obligation " based upon voluntary acts of the parties ", i.e., a contract, but with an obligation to pay which " rests on statutory provisions and on the constitutional guaranty of property interests " (p. 54). There was no determination there that the limitation of interest provision was applicable to a cause of action per se, as distinguished from an " accrued claim ".

Similarly, *Decker* v. *Dundee Cent. School Dist.* (4 N Y 2d 462) is not in point. That was a personal injury negligence case in which interest had been allowed at the rate of 6% from the date of the verdict. In holding that the allowance of interest at that rate was error, the Court of Appeals said (p. 464): " We would therefore affirm were it not for an error in computing interest on the verdict at the rate of *6%*. Under section 3-a of the General Municipal Law, *3%* is the maximum rate of interest allowable on an accrued claim or judgment against a municipal corporation, which is defined to include a school district [emphasis in original].

" The judgment appealed from should be modified by computing interest on the verdict at the rate of 3%, and, as so modified, affirmed ".

It is obvious that the plaintiff there was not entitled to any interest at all until he had a verdict. When he obtained his verdict he then had an accrued claim and perforce the statute was limited to interest at the rate of 3% per annum.

Agreeable to the determination of the majority are the holdings in *Adler* v. *Board of Educ. of City of N. Y.* (33 Misc 2d 789, affd. 18 A D 2d 1053 [First Dept.]) and *Futia Co.* v. *Schenectady Municipal Housing Auth.* (33 A D 2d 591 [Third Dept.]). In the *Adler* case the Special Term found " no merit to the plaintiffs' claim with respect to the alleged improper rate of interest " (p. 790) on the authority of the *Emigrant Bank* case (*supra*) and the *Bronx Riv. Parkway* case (*supra*), but, as I noted above, the *Bronx Riv. Parkway* case dealt with a condemnation award, and not with an obligation " based upon voluntary acts of the parties." There would have been no need to point up that distinction if the Court of Appeals believed that section 3-a applied

indiscriminately to all types of actions. The *Emigrant Bank* case, the other authority relied upon by *Adler,* after upholding the constitutionality of section 3-a, merely decided that it was not to be applied retroactively. Thus no support. may be found in either of the two cases relied upon by *Adler* for the conclusion there reached. If anything, a fair interpretation of the language used in *Emigrant Bank* is that there is a difference between " a cause of action " and an " accrued claim ", for the Court of Appeals pointed out that the words " accrued claim " and " judgment ", as they appear in the statute, are in juxtaposition to each other (284 N. Y. 57, 62). Such juxtaposition warrants, I believe, the conclusion I have come to that subdivision 1 of section 3-a was never intended to apply to a mere amorphous claim or cause of action.

The *Futia* case (*supra*) dealt with section 157 of the Public Housing Law, the language of which is the same as that of subdivision 1 of section 3-a of the General Municipal Law. There, the Appellate Division, Third Department, said, " While CPLR 5004 states that interest is to be at the legal rate, unless otherwise provided, section 157 so provides." Just as did the court in the *Adler* case, the court in *Futia* accepted the " otherwise provided " clause as applying to causes of action or claims from their inception, without giving force or effect to the fact that the limiting provisions of both statutes applied from the time the claims became " accrued " and the fact that. there was no inhibition in either statute to the awarding of interest at the legal rate from the time the claim or cause of action came into existence until it became an " accrued claim."

*Edlux Constr. Corp.* v. *State of New York* (252 App. Div. 373, affd. 277 N. Y. 635), *Terry Contr.* v. *State of New York* (51 Misc 2d 545) and *D'Angelo* v. *State of New York* (200 Misc. 657), cited by the majority in support of its conclusion, are completely inapposite since the first two dealt with the dates for filing of claims against the State and the *D'Angelo* case merely dealt with the right to recover interest in a contract action " from the date of the breach of the contract " (p. 667) in accordance with the provisions of section 480 of the Civil Practice Act. If applicable at all, the language in the *Edlux* and *Terry* cases points away from the view of the majority. In the *Edlux* case the Appellate Division, Third Department, said, " ' The expression " claim accrued " is not identical with the expression " cause of action accrued " ' " (p. 374, quoting from *Dufel* v. *State of New York,* 198 App. Div. 97, 102); and in *Terry* the Court of Claims quoted the statement from Davison, Claims against the

State of New York ([1954], p. 231) that "A claim is not deemed accrued until the extent of the damages can be ascertained."

In interpreting a statute, meaning and effect should be given to its every word (*New York State Bridge Auth.* v. *Moore,* 299 N. Y. 410, 416; *Matter of Bailey* [*Bush Term. Co.*], 265 App. Div. 758, affd. 291 N. Y. 534). If the Legislature had intended that interest on any "claim" against a governmental agency should be limited it could have so provided. That it did not do. We should therefore give full meaning to the statute as it is written.

If the defendant municipality in this case were suing the plaintiff for breach of contract and received a verdict, the plaintiff here, as defendant, would be compelled to pay the usual rate of interest referable to contracts "from the earliest ascertainable date the cause of action existed" (CPLR 5001, subd. [b]), whereas the plaintiff here, though recovering a verdict against the defendant for breach of the very same contract, is limited, by the holding of the majority, to a recovery of half the rate of interest to which it would be liable if it itself had breached the contract. Such an unequal application of the law is constitutionally suspect and in any event is so basically unfair as not to be adopted unless the statute brooks of no other interpretation. I find no such compelling mandate in the "accrued claim" provision of the statute.

I conclude therefore that since interest "upon a sum awarded because of a breach of performance of a contract" (CPLR 5001, subd. [a]) is to be "computed from the earliest ascertainable date the cause of action existed" (CPLR 5001, subd. [b]) "at the legal rate, except where otherwise prescribed by statute" (CPLR 5004) and since the statute (General Municipal Law, § 3-a, subd. 1) does not otherwise provide with respect to a contract cause of action until it has ripened into an accrued claim or judgment, the plaintiff is entitled to interest on the amount found to be due it at the rate of 6% "computed from the earliest ascertainable date the cause of action existed" (CPLR 5001, subd. [b]) to the time of the verdict.

I would therefore affirm the judgment as originally entered, dismiss so much of the appeal as is from the provision of the order that refused to set aside the verdict, and otherwise modify the order so as to deny in its entirety the defendant's motion to amend the judgment with respect to the interest awarded.

MUNDER, Acting P. J., and MARTUSCELLO, J., concur with LATHAM, J.; SHAPIRO, J., concurs in part and dissents in part, with a separate opinion in which BENJAMIN, J., concurs.

Judgment, as corrected pursuant to the order dated May 8, 1970, affirmed.

Order affirmed to the extent that it directed the computation of interest in the judgment to be corrected.

Appeal from the provision in the order refusing to set aside the verdict dismissed.

No award of costs is made.