■ Board of Education of the Cold Spring Harbor Central School District et al., Respondents, v Antonia Rettaliata, as Supervisor of the Town of Huntington, et al., Appellants. [596 NYS2d 730] —In an action for moneys had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated October 28, 1992, which is in favor of the plaintiffs and against them.

■ Board of Education of the Commack Union Free School District, Respondent, v Antonia Rettaliata, as Supervisor of the Town of Huntington, et al., Appellants. [596 NYS2d 447] —In an action for money had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered October 28, 1992, which is

in favor of the plaintiff and against them in the principal sum of $348,968.

Ordered that the judgment is affirmed, without costs or disbursements.

In November 1988 the plaintiff commenced this action against the defendants for money had and received. The complaint alleged that the defendants failed to pay timely to the plaintiff certain tax revenues due. The plaintiff sought to recover interest due on the amounts for the period during which the defendants wrongfully withheld the tax revenues payable to it.

On a previous appeal, the Court of Appeals held that the plaintiff may maintain such an action, that the provisions of the Suffolk County Tax Act, which provides for payment of the tax revenues to the school districts, are "self-executing", and that from the moment of the Town's failure to pay that amount, it is liable for both the principal and accumulated interest. Accordingly, the Court of Appeals remitted the case to this Court "for consideration of all issues * * * not reached on the appeal" (Board of Educ. v Rettaliata, 78 NY2d 128, 142).

In a decision and order dated March 2, 1992, this Court held that the applicable Statute of Limitations for a cause of action for money had and received is six years, and that other contentions advanced by the Town were unpersuasive. We, therefore, remitted the instant case and other related cases to the Supreme Court, Suffolk County, "for a computation of the interest owing for the six-year period during which the Town of Huntington made untimely payments to the plaintiff school districts" (Board of Educ. v Rettaliata, 181 AD2d 648, 649).

Thereafter, the plaintiff retained a certified public accountant who, upon reviewing the records furnished by the Town, computed the amount of interest owed to the plaintiff. The plaintiff then prepared a proposed judgment utilizing the amounts computed by the accountant. Prior to the date of settlement of the judgment, the defendants opposed the signing of the judgment on various grounds. The court signed the judgment on October 27, 1992, awarding the plaintiff a money judgment based upon the computations made by the plaintiff's accountant. It is from this judgment that the defendants appeal, contending that the submission and signing of the judgment was premature, and that a trial or hearing should be held to determine the "true" damages.

We find that the Supreme Court did not err in signing the

judgment. The schedules annexed to the affidavit of the plaintiff's accountant clearly show that in computing the interest due, the accountant credited the Town with any moneys which it had already disbursed to the plaintiff.

The plaintiff's accountant also applied the proper rate of interest, i.e., 3% up to January 1, 1983, and 9% thereafter *(see,* L 1982, ch 681, § 1). General Municipal Law § 3-a (1) provides in pertinent part that "the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed nine per centum per annum" *(see also, Acme Bldrs. v County of Nassau,* 36 AD2d 317).

Nor was it an error for the plaintiff to include interest for the 1989-1990 tax year in the proposed judgment. It was proper for the plaintiff to include in the proposed judgment interest which accrued up until the wrongful withholding of the moneys ceased.

We find the Town's remaining contentions to be meritless. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.